## THE PEOPLE v. TIMOTHY COUGHLIN.

*Criminal law—Homicide—Self-defense—Burden of proof—Conduct of sheriff.*

1. The crime of murder cannot be made out unless the testimony satisfies the jury beyond a reasonable doubt that the killing was not done in self-defense, and the burden of proof is upon the people to establish such fact.

2. There is no impropriety in a sheriff entering a complaint for murder, being a witness on the trial, and taking charge of the jury.

Error to Chippewa.  (Steere, J.)  Argued April 27, 1887. Decided April 28, 1887.

Information for murder. Respondent was convicted and sentenced. Reversed. The facts are stated in the opinion.

*Lawrence F. Bedford* and *Brennan & Donnelly,* for respondent.

*Moses Taggart,* Attorney General, for the People.

CHAMPLIN, J.   Respondent was convicted of manslaughter, and sentenced to be confined in the State prison at Jackson at hard labor for the period of 13 years.   The circuit judge charged the jury that, in cases where the respondent seeks to justify his acts of killing as done in self-defense, the burden of proof is upon himself to establish the killing to have been done in self-defense.   This was error.   In civil cases the burden of proof is generally upon the party who affirms the existence of facts necessary to make out his case.   In criminal cases, however, the burden of proof is upon the prosecutor to show that the accused is guilty of the offense charged. The charge made against respondent in this case could not be made out unless the testimony should exclude the idea of self-defense beyond a reasonable doubt.   Consequently it was incumbent upon the people to show such facts and circumstances as convinced the jury that the killing was not done in self-defense.

It also appears that the sheriff entered the complaint upon which the respondent was arrested, and also was a witness in the case in behalf of the people.   He was also the officer who had the jury in charge during their deliberations, and this is alleged as error.   We can see no impropriety in these facts. The sheriff is a public officer and conservator of the peace, and it does not appear that he acted in the character of a private prosecutor.

The judgment must be reversed, and the prisoner remanded to the custody of the sheriff of Chippewa county.

The other Justices concurred.