PEOPLE v. CATHEY.

1. CRIMINAL LAW—TRIAL—INSTRUCTIONS—REQUESTS TO CHARGE.
   If the law is correctly stated in the charge, it is not
   error to refuse to give requests in the language of counsel,
   but where the charge does not correctly state the law,
   and the requests do, it is error not to give the requests
   either in the language of counsel or in substance.

2. SAME—HOMICIDE—SELF-DEFENSE—BURDEN OF PROOF NOT ON DE-
   FENDANT.
   In a prosecution for homicide, the burden is not on the
   defendant who makes the defense of self-defense to satisfy
   the jury of the truth of his claim.

3. SAME—TRIAL—INSTRUCTIONS.
   Instruction by the trial court which would lead the jury
   to understand that the burden of satisfying the jury that
   the homicide was committed in self-defense was on de-
   fendant, and refusal to give defendant's appropriate re-
   quests on said question, held, reversible error.

Error to recorder's court of Detroit; Heston (William M.), J. Submitted June 15, 1922. (Docket No. 98.) Decided December 5, 1922.

Dorothy Cathey was convicted of manslaughter, and sentenced to imprisonment for not less than 7½ nor more than 15 years in the Detroit house of correction. Reversed.

McClear, Stein & Sarbaugh (J. Richard Newman, of counsel), for appellant.

Merlin Wiley, Attorney General, Paul W. Voorhies, Prosecuting Attorney, and John V. Brennan, Assistant Prosecuting Attorney, for the people.

FELLOWS, C. J. Defendant was convicted of manslaughter in the recorder's court of the city of Detroit.

She was tried by a jury selected by the board of jury commissioners provided for in Act No. 364, Pub. Acts 1921, and the principal question before us is the validity of the portion of that act providing for such board. By a written challenge to the array and assignments of error on the refusal of the court to sustain the challenge, defendant's counsel here present this question for review. It is properly before us. While the attorney general might have questioned the validity of the act upon an information in the nature of *quo warranto* filed against the members of the board, it is difficult to perceive how a defendant charged with crime and entitled to a trial by a constitutional jury could more appropriately raise the question. Manifestly it could not be raised by *habeas corpus,* and we deem the question here and necessary to decision. *Fornia* v. *Wayne Circuit Judge,* 140 Mich. 631. It may be stated that there are other cases now before the court involving the same question. Several objections are made to the validity of the law. The case has been well briefed on all of them. We shall, however, consider but one of them as it disposes of the case. Its disposition, as we view it, requires only the application of fundamental principles.

The act in question does not by its terms require its submission to the electors and it was not so submitted. Section 6 of article 8 of the Constitution provides:

"The legislature shall by general law provide for the appointment of a board of jury commissioners in each county; but such law shall not become operative in any county until a majority of the electors of the county voting thereon shall so decide."

It may be said in passing that an examination of sections 12219-12228, 3 Comp. Laws 1915, discloses that the legislature has made provision for the appointment of boards of jury commissioners including a provision for a referendum. That act, however, is not

before us for consideration as it is not claimed that the board of jury commissioners here involved draws any power from that act.

In testing the constitutionality of an act of the legislature all doubts must be resolved in favor of its validity.   If within the constitutional power of that department of the government, it must be upheld. Courts are not concerned with the wisdom of legislative action and only in a clear case of infraction of the fundamental law will they set aside the legislative act.   But where the act of the legislature is clearly in collision with the fundamental law the pathway of the courts lies in but one direction.   The will of the people as expressed in the Constitution is superior to the will of the legislature as expressed in its act and the duty is upon the court to so hold.

The Federal government is a government of delegated powers.   To the Federal Constitution it must look for its source of power.   But this is not true with the States of the Union.   Their constitutions are not grants of power, but are limitations on the exercise of power and this must be borne in mind in their consideration.   In the absence of limitations in the State Constitution or of superior power in the Federal government, the legislatures of the several States of the Union possess plenary legislative power—all the power of the British parliament.   Where, however, the people of a State have by their written constitution hedged about the power of the legislature by limitations upon legislative action, such limitations must be recognized and enforced if constitutional government is to be perpetuated.   Let us repeat, provisions in State constitutions are limitations on the power of the legislature, not grants of power to it, and must be so treated and considered.   The limitations may be found in express terms or they may arise by necessary implications from the language em-

ployed.    The language of our Constitution here under consideration and above quoted is, however, clear and unambiguous.    In unequivocal language it commands the legislature to provide by general law for boards of jury commissioners, and in equally unequivocal language limits the operation of such law to those counties which by a referendum vote decide to accept its provisions.    By its unequivocal language it limits the power of the legislature to enact legislation without the concurring vote of the electors of the vicinage affected.    The constitutional provision enters and occupies the whole field.    It both commanded and limited legislative action.    It is idle to say in face of this express command and this express limitation that the legislature still possesses plenary power to legislate on the subject.    We can not attribute to the constitutional convention which framed the Constitution and to the people who adopted it an intent to write into the fundamental law a meaningless and ineffective provision.    If we assume that the act before us is a general law, a question we do not decide, it could not become operative without the referendum vote required by the Constitution.    For the failure to submit to a referendum vote, and for this reason alone, we hold the portion of the act under consideration invalid.

The remaining assignments of error with one exception, to which we shall presently refer, are not liable to arise on a new trial.    There was much in the conduct of the assistant prosecuting attorney we do not commend.    We need not determine whether it constitutes reversible error.

The defense was that the homicide was committed in self-defense.    Requests covering the law of self-defense were proffered by defendant's counsel and in the main refused.    We have frequently held that if the law is correctly stated in the charge it is not

error to refuse to give the requests in the language of counsel. But where the charge does not correctly state the law and the requests do it is manifestly error not to give the requests either in the language of counsel or in substance. The trial judge of his own motion instructed the jury as follows:

"Before a person can avail himself of the defense that he used a weapon in the defense of his life, he must satisfy the jury that the defense was necessary; that he did all he could to avoid it, and that it was necessary to protect his own life, or to protect himself from serious bodily harm that would give him reasonable apprehension that his life was in immediate danger."

The burden is not on the defendant who makes the defense of self-defense to satisfy the jury of the truth of his claim. *People* v. *Coughlin*, 65 Mich. 704. While in other portions of the charge the trial judge instructed the jury generally that the burden was on the people to establish the guilt of the defendant beyond a reasonable doubt, the excerpt just quoted would lead the jury to understand that the burden of satisfying the jury that the homicide was committed in self-defense was on the defendant. The failure to give defendant's appropriate requests either in the language of counsel or in substance and the charge above quoted both constituted reversible error.

The conviction will be set aside with a new trial.

WIEST and CLARK, JJ., concurred with FELLOWS, C. J.

BIRD, J. I dissent from reversal on the ground of the "challenge to the array" for reasons expressed in *People* v. *McNutt*, *ante*, 620, handed down herewith. For the other reasons assigned for reversal I concur in the result reached.

McDONALD, SHARPE, MOORE, and STEERE, JJ., concurred with BIRD, J.