## PEOPLE *v.* LINTZ.

1. CRIMINAL LAW—INSTRUCTIONS—BURDEN OF PROOF.
   In prosecution of joint defendants for obtaining money by false pretenses, where testimony affecting guilt of one defendant differed from that relating to other, instruction casting burden of proof of innocence on defendants, when considered separately, was prejudicial error.

2. SAME—FALSE PRETENSES.
   One may be defrauded by being tricked into paying money to a person to whom or purpose to which he has not agreed as well as by being led to pay more money than he has agreed.

3. SAME—THAT DEFRAUDED PERSON AGREED TO PAY MONEY OBTAINED IS NO DEFENSE.
   Where, in prosecution for obtaining money by false representations, it appears that defendants, real estate brokers, in negotiating exchange of farm for city property, falsely represented that farm was incumbered by mortgage, the amount of which they received in addition to their commission, it is no defense that prosecuting witness agreed and was willing to pay additional amount of mortgage, since criminal character of act is determined by means used in obtaining money.

Error to Genesee; Brennan (Fred W.), J. Submitted April 25, 1930. (Docket No. 137, Calendar No. 34,433.) Decided October 3, 1930.

M. C. Lintz and R. Whitesell were convicted of obtaining money under false pretenses. Reversed.

*C. A. Withey* and *Frank Stipes,* for appellants.

*Wilber M. Brucker,* Attorney General, and *Harold J. Waples,* Assistant Attorney General, for the people.

Fead, J.  Defendants were convicted of obtaining money from Arthur L. Loveland under false pretenses.  They negotiated a trade of Loveland's house for a farm owned by Walter Franklin.  The testimony of the people was that defendants represented to Loveland that the farm was incumbered by a mortgage of $565, which he would have to pay to make the trade; they said Whitesell would pay it and Loveland could reimburse him; Loveland gave them the money to repay Whitesell; there was no mortgage on the premises, and defendants appropriated the money to their own use.  The details may be found in *People* v. *Lintz,* 244 Mich. 603, where a former trial was reviewed.

The charge of the court contained proper general instructions upon the burden of proof, but, in discussing the separate responsibilities of the defendants and the right of the jury to convict one and acquit the other, the court charged:

"And in this case, if you find that both parties did this, then you should find them both guilty, and if you find that Mr. Whitesell was the one who made the false representations and received the money, and you find beyond a reasonable doubt that Mr. Lintz did not make any false representations or receive any of the money, then you should find Mr. Whitesell guilty and Mr. Lintz not guilty; and if you find that Mr. Lintz is the one that made the false representations and received the money, that Mr. Whitesell did not, and find that beyond a reasonable doubt, then you should find Mr. Lintz guilty and Mr. Whitesell not guilty."

The testimony affecting the guilt of one defendant differed from that relating to the other.  The instruction casting the burden of proof of innocence on the defendants, when considered separately, was

prejudicial error in fact, as it was in law. *People* v. *Cismadija,* 167 Mich. 210; *People* v. *Orr,* 243 Mich. 300; *People* v. *Statkiewicz,* 247 Mich. 260.

Defendants' principal point, urged to obtain a discharge as well as reversal, is that, assuming the false representations proved, the offense was not made out because Loveland was not defrauded. The argument is that, as he was willing and had agreed to pay the additional $565 on the trade and he received all he had agreed to take, without being called upon to pay any greater sum, he lost nothing, even though defendants appropriated the money to themselves. It seems no less than a truism that one may be as well defrauded by being tricked into paying money to a person to whom or purpose to which he has not agreed as by being led to pay more money then he has agreed. The criminal character of the act is determined by the means used in obtaining the money. *People* v. *Lennox,* 106 Mich. 625.

The other errors assigned need not be discussed as they are unlikely to arise on a new trial.

Judgment is reversed, and new trial ordered.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, SHARPE, and NORTH, JJ., concurred. POTTER, J., did not sit.