## PEOPLE v. ASBURY.

1. Criminal Law—Homicide—Self-Defense—Trial—Instruction —Burden of Proof.

In prosecution for murder, where defense is self-defense, burden is on people to convince jury beyond reasonable doubt that killing was not done in self-defense.

2. Same.

In prosecution for murder, instruction that, in order for defendant to avail himself of defense that he used weapon in defense of his life, he must satisfy jury that defense was necessary to protect his own life, *held,* reversible error.

3. Same—Curing Error.

Nor was said error excused by other language of charge, where usual instruction on burden of proof was omitted.

Appeal from Otsego; Smith (Guy E.), J. Submitted January 15, 1932. (Docket No. 198, Calendar No. 35,900.) Decided March 2, 1932.

Harlan Asbury was convicted of second degree murder. Reversed, and new trial granted.

On applicability of rule of reasonable doubt to self-defense in homicide, see annotation in 19 L. R. A. (N. S.) 483, 492; 31 L. R. A. (N. S.) 1166.

*Prentiss M. Brown,* for appellant.

*Paul W. Voorhies,* Attorney General, *Joseph A. Gillis* and *Edward A. Bilitzke,* Assistants Attorney General, and *Elmer G. Smith,* Prosecuting Attorney, for the people.

CLARK, C. J. Defendant was convicted of murder in the second degree and has appealed. He, admitting the killing, adduced evidence tending to show that it was done in self-defense. On this issue the direct evidence is in sharp conflict, and there is conflict, too, in circumstantial evidence.

In submitting the issue to the jury, the trial judge instructed:

"Before a person can avail himself of the defense that he used a weapon in the defense of his life, he must satisfy the jury that defense was necessary to protect his own life, or to protect himself from such serious bodily harm as would give him reasonable apprehension that his life was in immediate danger."

This is reversible error. This unfortunate instruction was given as requested by the assistant attorney general and the prosecuting attorney appearing in this trial for the State. It was taken *verbatim* from *People* v. *Piper,* 112 Mich. 644, where the instruction was held more favorable to defendant than he was entitled to, for the reason, as stated in the syllabus, that the law of self-defense was not applicable to the case.

Under settled law of this State, the burden was upon the people to show such facts and circumstances as convinced the jury beyond a reasonable doubt that the killing was not done in self-defense. *People* v. *Coughlin,* 65 Mich. 704. The burden was

not upon defendant to satisfy the jury that he killed in self-defense. *People* v. *Cathey,* 220 Mich. 628; *People* v. *Lintz,* 251 Mich. 367. And the error cannot be excused by other language of the charge, as there was further unfortunate omission of usual instruction on burden of proof. *People* v. *Statkiewicz,* 247 Mich. 260.

Reversed. New trial ordered. Defendant remanded to custody of sheriff.

McDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.