PEOPLE *v.* MEISEL.

ASSAULT AND BATTERY—DANGEROUS WEAPONS—EQUALLY DIVIDED
COURT.
   Conviction of assault with a dangerous weapon but without in-
   tent to commit the crime of murder and without intent to inflict
   great bodily harm less than the crime of murder is affirmed by
   an equally divided court (Act No. 328, § 82, Pub. Acts 1931).

Appeal from Saginaw; O'Neill (James E.), J.
Submitted January 11, 1940. (Docket No. 124, Cal-
endar No. 40,735.) Decided April 1, 1940. Rehear-
ing denied June 18, 1940.

Elmer Meisel was convicted of assault with a
deadly weapon, without intending to commit the
crime of murder and without intending to inflict
great bodily harm less than the crime of murder.
Affirmed by an equally divided court.

*Riley L. Crane,* for appellant.

*Thomas Read,* Attorney General, *Edmund E.
Shepherd,* Assistant Attorney General, *Joseph P.
Friske,* Prosecuting Attorney, and *Rolland N. Mont-
gomery,* Assistant Prosecuting Attorney, for the
people.

McALLISTER, J. The evidence in this case shows
defendant to have been guilty of a wanton assault
upon Robert Culver and a virtual kidnaping of

Grace Richter. Defendant did not know these parties. He had never seen them; but he stopped his car at night on a country road where they were parked in an automobile, walked up to them in the car, and, according to his own statement, demanded to know what was going on. It is undisputed that he heard no cries of help and that nobody asked any assistance or advice from him. Defendant claims that Culver struck him and that, in return, he struck Culver twice with a pair of pliers. Culver says that he was answering defendant's inquiry as to road directions when he was struck three times on the head with a heavy instrument which he believed to have been a "wrench of some kind," and that as a result of the blows he was rendered dazed and incapable of moving. Defendant then took the keys out of Culver's car, forced Miss Richter to get into his car, and drove away, later releasing her. Defendant claims that he was justified in his action because he thought he was rescuing Miss Richter from danger, but admits that she never spoke to him. On appeal from his conviction, error is assigned upon the following part of the court's charge to the jury:

"In regard to the actual striking of Robert Culver by the accused, the burden of proof is on the accused to establish justification. If you find, from the testimony which you have heard in this case, that the defendant was justified in striking Robert Culver, the people have failed to establish one of the elements of the offense charged and you must find the accused "not guilty." If the people have established the elements of the offense charged to your satisfaction beyond a reasonable doubt, then it is your duty to convict the defendant of the charge made against him. If the people have failed to establish all of the elements of the offense charged, as

before stated, then it is your duty to acquit the defendant.''

It may be remarked that this was not a charge relating to self-defense, but to justification. Defendant's entire theory and claim were that he was justified in taking Miss Richter out of the automobile where she was sitting with her friend and making her ride off with him; and that he was further justified in inflicting the blows upon Culver.

In two motions for a new trial, no mention is made of error with regard to instructions to the jury on the question of self defense; and in the ''statement of questions involved,'' no mention is made of such a defense. Under the theory upon which the case was tried, self-defense was not an issue. The defense was justification.

It is argued that defendant's action was the fault of Culver and Miss Richter ''doing things that in their nature lead to trouble,'' and it is contended by defendant's counsel that ''it was the duty of Miss Richter to answer defendant when he asked her the question'' about what the trouble was. Such a contention, that Miss Richter owed a duty to a man approaching her on a country road at night to tell what she was doing, is untenable. Recent criminal history shows that marauding night prowlers and bushwhackers are a source of peril to those parking in automobiles on country roads at night, and police records are replete with tragic examples in which such persons have been victims of criminal assault and murder.

In this case, defendant's plea was the affirmative defense of justification. It is difficult to define what is generally meant by the defense of justification in assault and battery cases. Many authorities on criminal law do not mention such a defense, but it is

sometimes regarded as matter of extenuation and mitigation. In Underhill's Criminal Evidence (4th Ed.), § 51, it is said:

"The defendant is entitled to the benefit of the presumption of innocence before he introduces any evidence. Hence, though he offers no evidence, the court has no legal power to direct a verdict, but the *prima facie* case against him must be submitted to the jury. They must take into consideration the presumption of innocence, and should not convict unless the State has sustained the burden of proof. But when the defendant pleads any substantive, distinct and independent matter as a defense, either as justification, excuse, or as an exemption from criminal liability, which upon its face does not necessarily constitute an element of the transaction with which he is charged, and which is wholly disconnected from the offense, it has been said that the burden of proving such defense devolves upon him. Assertion of an alibi, however, does not relieve the State from affirmative proof of guilt beyond a reasonable doubt, nor shift the burden of proof to defendant. The accused must prove the independent exculpatory facts upon which he relies, and in this respect and to this extent, it is correct to say the burden lies on him. Notwithstanding this, if, after all the evidence is in, it is found that upon the whole case the prosecution has not sustained the burden of proof in convincing the jury of the prisoner's guilt beyond a reasonable doubt, he should be acquitted. It may happen that the facts which sustain, or tend to sustain a defense of justification or excuse, shall come out during the examination of the witness for the prosecution. The defendant is entitled to the benefit of this, for the rule that the burden of proof of an affirmative and independent defense is on the accused does not necessarily mean that he must prove it wholly by his testimony or that of his own witnesses. And no matter what the evidence may be

showing justification or excuse, and whether it be strong or whether it be weak, or whether it shall proceed from the State's witnesses or from the witnesses for the accused, the accused is entitled, where there is any evidence sustaining an affirmative defense, to have it considered by the jury, with all the other evidence in the case; and he is entitled to an instruction that though the burden is on him to prove an affirmative defense, yet upon all the evidence, the State must establish his guilt beyond a reasonable doubt.''

In the same work, section 600, it is further stated:

''The burden of proving justification for an assault is upon the accused.''

In this case, the claimed justification was based upon exculpatory and independent facts, wholly disconnected with the elements of the crime charged, and was not such a defense as would require it to be disproved by the State. As an affirmative defense, the burden of proof was upon the defendant.

The court properly instructed the jury that the burden of proof rested upon the people to establish, from the evidence, that the defendant was guilty as charged and that he was presumed by the law to be innocent; that such presumption remained with him throughout the trial and until such time as the jury should be satisfied of his guilt; that his guilt must be established beyond a reasonable doubt; that defendant was not obliged to prove his innocence, because the law presumes him innocent; and that the burden was on the people to establish his guilt beyond a reasonable doubt.

In 20 instances, the court instructed, in varying terms, the necessity of proof that the defendant was guilty beyond any reasonable doubt of the offense charged, before he could be found guilty.

As to the defense of justification for the assault, the court correctly charged that burden was upon defendant. This did not qualify the court's instructions that the burden of proving all of the elements of the crime charged, beyond a reasonable doubt, was upon the State; and the court so instructed the jury. We find no error.

Judgment affirmed.

BUSHNELL, C. J., and POTTER and BUTZEL, JJ., concurred with McALLISTER, J.

SHARPE, J. Defendant was informed against in the Saginaw circuit court on the following charge:

"On the 14th day of June in the year one thousand nine hundred and thirty-six, * * * did assault one Robert Culver with a dangerous and offensive weapon to wit: a wrench but without intending to commit the crime of murder and without intending to inflict great bodily harm less than the crime of murder within the meaning of Act No. 328, § 82, Pub. Acts 1931, of Michigan."

The facts briefly stated are as follows: On the 14th day of June, 1936, between the hour of 1 and 2 a. m., defendant was driving an automobile on the Michigan avenue road about one-half mile north of the city limits of the city of Saginaw. He noticed a car parked alongside the highway without any lights showing. He stopped his car and proceeded toward the parked car. When he arrived there, he found Robert Culver and Grace M. Richter seated in the parked car. Defendant asked directions to a number on Maple street in Carrollton, a village adjacent to the city of Saginaw. After some conversation, defendant struck Robert Culver with an instrument, claimed by the prosecution to be a wrench. After partly stunning Robert Culver, the

defendant forced Grace M. Richter to leave the parked car and get into his car. All of the above facts are admitted by defendant, but he contends that Robert Culver, the complaining witness, struck him first and that he, the defendant, struck Robert Culver with a pair of pliers instead of a wrench. The cause was submitted to a jury, who found defendant guilty as charged.

Defendant appeals and contends that the trial judge was in error in instructing the jury as follows:

"In regard to the actual striking of Robert Culver by accused, the burden of proof is on the accused to establish justification."

The trial court also gave the following instruction:

"Consequently, before the defendant may be convicted of the offense charged, you must find and determine beyond a reasonable doubt that defendant struck Robert Culver with a dangerous weapon. This must be done by considering all of the testimony in the case. Secondly: You must find and determine beyond a reasonable doubt, from the testimony which you have heard, that defendant had the intent to assault Robert Culver. The burden of proof rests on the people to establish these facts and that beyond a reasonable doubt, and unless you are so satisfied, the defendant should not be convicted of the offense charged against him."

And closed his instructions to the jury with the following:

"If you find from all the testimony here presented that the people have established beyond a reasonable doubt that June 14, 1936, A. D., at the township of Carrollton, Saginaw county, Michigan, defendant did assault one Robert Culver with a dangerous and offensive weapon, to-wit, a wrench, but without in-

tending to commit the crime of murder and without intending to inflict great bodily harm less than the crime of murder within the meaning of the statute in such case made and provided, then your verdict shall be 'guilty.'

"If you find from all the testimony here presented that the people have failed to establish their charge, in whole or in part, beyond a reasonable doubt, then your verdict shall be 'not guilty.' "

In the trial of the cause, the defendant contended that he acted in self-defense, and introduced evidence to that effect, but regardless of what claims the defendant might make the burden of proof in criminal prosecutions remains at all times on the prosecution. In *People* v. *Millard,* 53 Mich. 63, we said, "In every criminal case the burden is throughout upon the prosecution."

In *People* v. *McWhorter,* 93 Mich. 641, we said:

"The charge of the court was based upon the theory that if the jury found that the people had made a case which convinced them beyond a reasonable doubt that the respondent was guilty as charged, then the burden of proof shifted, and it was incumbent upon the respondent to introduce evidence to restore the presumption of innocence. This is not so in criminal trials. The burden is always upon the people during the whole trial to prove the respondent guilty as charged."

In *People* v. *Asbury,* 257 Mich. 297, we said:

"Under settled law of this State, the burden was upon the people to show such facts and circumstances as convinced the jury beyond a reasonable doubt that the killing was not done in self-defense. *People* v. *Coughlin,* 65 Mich. 704. The burden was not upon defendant to satisfy the jury that he killed in self-defense. *People* v. *Cathey,* 220 Mich. 628; *People* v. *Lintz,* 251 Mich. 367."

See, also, *People* v. *Orr,* 243 Mich. 300; *People* v. *Statkiewicz,* 247 Mich. 260.

The effect of the trial court's charge was to place the burden of proving justification upon the defendant and in view of previously decided cases was an erroneous instruction. We have in mind 3 Comp. Laws 1929, § 17354 (Stat. Ann. § 28.1096), which provides:

"No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this State in any criminal case, on the ground of misdirection of the jury, * * * unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice."

In *People* v. *O'Hara,* 278 Mich. 281, 306, we had occasion to construe the above statute. We there said:

"The test is not whether there were some irregularities but instead did the defendants have a fair and impartial trial."

The above statute was never intended as a cure-all for all errors made by the prosecution in the trial of a criminal case. In *People* v. *Cathey,* 220 Mich. 628, we said:

"The burden is not on the defendant who makes the defense of self-defense to satisfy the jury of the truth of his claim. *People* v. *Coughlin,* 65 Mich. 704. While in other portions of the charge the trial judge instructed the jury generally that the burden was on the people to establish the guilt of the defendant beyond a reasonable doubt, the excerpt just quoted ('Before a person can avail himself of the defense that he used a weapon in the defense of his life, he must satisfy the jury that the defense was necessary; that he did all he could to avoid it, and that it

was necessary to protect his own life, or to protect himself from serious bodily harm that would give him reasonable apprehension that his life was in immediate danger.') would lead the jury to understand that the burden of satisfying the jury that the homicide was committed in self-defense was on the defendant. The failure to give defendant's appropriate requests either in the language of counsel or in substance and the charge above quoted both constituted reversible error.''

In the case at bar the trial court in closing his instructions to the jury gave proper instructions as to the burden of proof. From the charge, viewed as a whole, the jury may have gotten the idea that, after the prosecution had proved its case beyond a reasonable doubt, the burden rested upon the defendant to prove justification.

For the error pointed out, the conviction should be set aside and a new trial granted.

CHANDLER, NORTH, and WIEST, JJ., concurred with SHARPE, J.