PEOPLE v. CLARK.

1. CRIMINAL LAW—ADMISSIONS—COERCION—EVIDENCE.

Testimony of defendant's witness tending to show that after witness was arrested along with defendant and others in a raid on gambling operations he had been abused in some way before his release, in order to raise an inference that defendant had been treated in a like manner in order to obtain admissions from him, was properly excluded on objection, where the proof offered had no relation to any coercion or intimidation exercised by police officers toward defendant who had not taken the witness stand.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 20 Am Jur, Evidence § 284.
[2] 53 Am Jur, Trial § 923.
[2] Permitting or refusing to permit jury in criminal case to examine or take into the jury room the indictment or information or other pleading or copy thereof. 120 ALR 463.
[3, 4] 53 Am Jur, Trial § 513.
[5, 9, 10] 53 Am Jur, Trial § 668.
[6] 53 Am Jur, Trial § 677.
[8] 53 Am Jur, Trial § 557.
[11] 53 Am Jur, Trial §§ 599, 776.

2. SAME—COPIES OF MULTIPLE-COUNT INFORMATION IN JURY ROOM —REQUEST TO CHARGE.

Permission to jury to take to the jury room 3 copies of information charging defendant and 10 others on 12 counts relative to conspiracy to violate statutes relating to suppression of gambling and failure to charge jury specifically that the information could not be considered as evidence against the defendants did not constitute reversible error, since it may be assumed the jurors understood it was merely a statement of the formal charge and defendant did not make a request to charge as to its use by the jury (CL 1948, § 768.29).

3. SAME—CIRCUMSTANTIAL EVIDENCE—REQUEST TO CHARGE.

Appellant in prosecution of 11 persons on charge of conspiracy to violate statutes relating to the suppression of gambling is in no position to complain of failure of trial court to give a charge to the jury as to the force and effect of circumstantial evidence, where no request so to charge was presented to the trial court (CL 1948, § 768.29).

4. SAME — INSTRUCTIONS — ELEMENTS OF CRIME — CIRCUMSTANTIAL EVIDENCE—REQUEST TO CHARGE.

Rule requiring trial judge to define to jury elements of crime with which defendant is charged and rendering charge erroneous by failure to make reference to an essential element does not make it erroneous to fail to give a charge as to weight to be given to circumstantial evidence in the absence of a request therefor (CL 1948, § 768.29).

5. SAME—INSTRUCTIONS—PRIMA FACIE CASE.

Instruction to jury in criminal case "And so, as in other cases, and in this case as well, there is bound to be a prima facie case or you would not be allowed to consider it" was reversible error, since it was susceptible of meaning that at the outset of the case there was an inference that the defendants were guilty and that a verdict must be returned in accordance with such inference unless the evidence on the trial overcame it.

6. SAME—BURDEN OF PROOF—INSTRUCTIONS.

The burden of proof in a criminal case may not be placed on the defendant and instructions of the trial judge susceptible of any such interpretation are erroneous.

7. SAME—CONFLICTING INSTRUCTIONS.

It must be presumed that a jury followed an erroneous instruction in a criminal case, where conflicting instructions were given and one of them was erroneous.

8. SAME—INSTRUCTIONS—CONFLICTING INSTRUCTIONS.

Instruction to jury in criminal case, which was susceptible of meaning that at the outset of the case there was an inference that the defendants were guilty was erroneous and presumably prejudicial to the rights of defendant who sought reversal, notwithstanding general charge tending to correct any possible misapprehension as to the meaning of the statement made.

9. SAME — INSTRUCTIONS — COMMENT ON EVIDENCE — EXTRANEOUS MATTERS.

Remarks of trial judge in his charge to the jury in trial of 11 defendants on charge of conspiring to violate statutes relating to the suppression of gambling, which referred to current news reports and other matters in no way related to the offense with which defendants were charged *held,* beyond the bounds of legitimate comment on evidence, extraneous and prejudicial.

10. CONSPIRACY—OVERT ACTS—INSTRUCTIONS.

Charge to jury in prosecution for conspiracy to violate statutes relating to the suppression of gambling that included a statement in a discussion of the claims of the people that "they have introduced evidence to show that they [defendants] did some overt act or acts in furtherance of the common scheme" *held,* prejudicial, since the jury may have understood the judge to have meant that in his opinion the overt act or acts referred to had been proved.

11. CRIMINAL LAW—INSTRUCTIONS—COMMENT ON EVIDENCE—RIDICULE OF WITNESS—CREDIBILITY.

Portion of charge to jury in prosecution for conspiracy to violate statutes relating to the suppression of gambling which could only fairly be interpreted as ridiculing the testimony of one of the defendants who had taken the stand in such a way as to cause the jury to understand the trial judge believed the testimony of such witness was false *held,* reversible error, since it exceeded the limits of fair comment on the evidence and the credibility of the witnesses was for the jury.

Appeal from the Recorder's Court for the City of Detroit; Gillis (Joseph A.), J. Submitted June 17, 1954. (Docket No. 77, Calendar No. 45,816.) Decided September 8, 1954.

George Clark was convicted of conspiracy to violate the statutes relating to the suppression of gambling. Reversed and remanded.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, *Ralph Garber, Samuel Brezner* and *Samuel J. Torina,* Assistant Prosecuting Attorneys for the plaintiff.

*Harry Robert Bockoff,* for defendant.

CARR, J. Appellant and 10 others were tried before a jury in the recorder's court in the city of Detroit and convicted. The information in the case alleged, in 12 counts, that the defendants had conspired together, and with others, to violate the statutes of the State relating to the suppression of gambling. The jury returned a verdict of guilty on all counts. Defendant Clark's motion for a new trial was denied, and, on leave granted, he has appealed claiming that errors committed in the course of the trial were sufficiently prejudicial to require the setting aside of the conviction and sentence and the granting of a new trial.

Defendant called as a witness in his behalf one Joseph Lis who had been arrested with the defendants, and others, and subsequently released. Lis was questioned concerning his conversation with an officer of the police department of the city of Detroit and as to the manner in which he was treated by the police. Apparently counsel for defendant Clark sought to show that the witness had been abused in some way, verbally or physically, or perhaps both, in order to raise an inference that defendant had been treated in like manner to obtain admissions from him. On objection the testimony was excluded. It does not appear from the record that appellant was.

present at the time Lis was interrogated by the police. The proof offered and rejected did not have reference to any coercion or intimidation exercised by police officers toward defendant, if there was such. Appellant did not testify on the trial in his own behalf, and, hence, there is no basis for any possible theory that the testimony of Lis, had it been admitted, would have tended to corroborate testimony of the defendant. The trial court was correct in sustaining the objection.

In the course of his charge to the jury the trial judge referred to the information, indicating the general nature of the various counts. He further stated that he would not read the information in full but would give the jury 2 or 3 copies thereof. This was done at the conclusion of the charge, and the jury permitted to take 3 copies of the information to the jury room. On behalf of appellant it is claimed that this constituted prejudicial error, and that the court further erred in not specifically charging the jury that the information could not be considered as evidence against defendants. No request, oral or otherwise, for such a charge was made, nor does the record indicate that counsel for defendant Clark objected to the action of the court in permitting the jurors to receive, for their examination in arriving at a verdict, the copies in question. Such procedure was not an abuse of discretion.

Obviously, even if the judge in his charge had read the entire information, it would have been an impossibility for the jurors to have kept in mind all the provisions of each count. Undoubtedly the members of the jury understood the purpose for which they were supplied with the copies. It may be assumed that they understood that the information was merely a statement of the formal charge, and that it was necessary for them to consider the different counts in determining the guilt or innocence of the defend-

ants thereunder. It is scarcely conceivable that any juror considered the copies furnished as evidence of defendants' guilt. The omission to charge specifically with reference to the matter, particularly in the absence of a request therefor, did not constitute error.

Complaint is also made on behalf of appellant because the trial judge in submitting the case to the jury did not explain the force and effect to be given to circumstantial evidence. It is contended that the prosecution's case rested largely on the basis of proofs of such character. On behalf of the people such contention is disputed. The testimony taken on the trial is, in the main, rather briefly summarized in the record, and in consequence it is impossible to make a definite determination as to the conflicting claims of the parties. However, it is a fair conclusion that material testimony not circumstantial in character was introduced for the purpose of showing the guilt of the defendants. In any event appellant is not in position here to claim that the omission to give the usual circumstantial evidence charge constituted prejudicial error as to him for the reason that no request therefor was presented to the court. CL 1948, § 768.29 (Stat Ann § 28.1052) provides in part as follows:

"The failure of the court to instruct on any point of law shall not be ground for setting aside the verdict of the jury unless such instruction is requested by the accused."

It was held in *People* v. *MacPherson*, 323 Mich 438, that it is the duty of a trial judge in submitting a criminal case to a jury to define the elements of the offense with which the defendant is charged, and that the failure to make reference to an essential element renders the charge as given erroneous. The case at bar, however, does not fall within the rule recognized

in the *MacPherson Case* and in other decisions of like nature. It was not the duty of the trial judge to charge specifically with reference to the weight to be given to circumstantial evidence in the absence of a request therefor. Whether such a charge, if requested, should have been given does not require consideration.

Other alleged errors relate to the instructions given by the trial court to the jury. It appears that after the jury was empaneled and sworn to try the case the trial judge made certain remarks intended to enlighten the jurors, some of whom, it appears, had not previously served in that capacity, with reference to criminal procedure. In the course of such remarks he said "And so, as in other cases, and in this case as well, there is bound to be a prima facie case or you would not be allowed to consider it." On behalf of appellant it is claimed that the jurors, or some of them, might have construed this statement as meaning, in substance, that there was a prima facie case against the defendants and that if such were not the situation there would be no trial. On behalf of appellee it is argued that the statement quoted may not be given the interpretation suggested, and that what the trial judge actually meant was that there must have been a finding on preliminary examination that the crime charged had been committed, and that there was probable cause to believe that the defendants had in fact committed it. (See CL 1948, § 766.13 [Stat Ann § 28.931]). It may not be said, however, that members of the jury could not have interpreted the statement in accordance with appellant's contentions, or that they did not do so. It is quite conceivable that a juror having in mind the commonly-accepted meaning of the expression "prima facie case" might have construed the judge's remark as meaning that at the outset of the case there was an inference that defendants were

guilty, and that a verdict must be returned in accordance with such inference unless the evidence on the trial overcame it. It has been repeatedly recognized by the decisions of this Court that the burden of proof in a criminal case may not be placed on the defendant, and that instructions of the trial judge to the jury susceptible of any such interpretation are erroneous. *People* v. *Cismadija,* 167 Mich 210; *People* v. *Lintz,* 251 Mich 367; *People* v. *Asbury,* 257 Mich 297.

It is suggested by counsel for appellee that the general charge submitting the case to the jury should be regarded as correcting any possible misapprehension as to the meaning of the trial judge in making the statement above quoted. However, if any juror listened to the testimony on the trial with the erroneous thought in mind that an inference existed to the effect that defendants were guilty, it may not be said that appellant was not prejudiced thereby. Neither may it be said that in deciding the case the jurors, or any of them, had in mind the instructions given by the court that were not open to misunderstanding or misinterpretation. In *People* v. *DeWitt,* 233 Mich 222, 226, it was said:

"If the jury followed the first instructions then defendant was convicted under an erroneous understanding of the law. Where conflicting instructions are given, one erroneous and the other correct, we must presume that the jury followed the erroneous instruction. *Silverstone* v. *London Assurance Corp.,* 176 Mich 525; *People* v. *Eggleston,* 186 Mich 510; *In re Foerster's Estate,* 193 Mich 440."

The rule recognized in the statement quoted was approved in *People* v. *Kanar,* 314 Mich 242. It must be held in the instant case that the statement in question was erroneous and presumably prejudicial to the rights of defendant.

Appellant also calls attention to remarks of the trial judge in his charge to the jury with reference to the evils of commercialized gambling. Particular emphasis is placed on the following statements which, it is claimed, were highly objectionable in that they tended to prejudice the jury against defendants:

"We say there is no harm in sports, but we have seen the pathetic picture of college players being bought off by gamblers, their whole careers ruined so they could cage a bet, not the result of the game so much as the point differential, and we see the poor kids hauled in, the victims of professional gamblers."

"We read so often, almost daily, of suicides, and men embezzling money for gambling when they live beyond their means, get the fever, or want to get something for nothing, try to get rich, and so forth."

That the statements quoted may have had the effect claimed is obvious. The references to current news reports tended to inject into the case, and perhaps to affect the deliberations of the jury, matters not in any way related to the offense with which defendants were charged. Such statements went beyond the bounds of legitimate comment on the evidence and the issues in the case on trial. The controlling principles involved were discussed at some length in *People* v. *Lintz,* 244 Mich 603; and in *People* v. *Padgett,* 306 Mich 545, and need not be repeated here. We think the remarks of the trial judge in question, by bringing in extraneous matters, might well have created a prejudice in the minds of the jurors.

In discussing the claims of the people, the trial court in his charge said "they have introduced evidence to show that they [defendants] did some overt act or acts in furtherance of the common scheme." It is argued on behalf of appellant that the jury

might have understood the remark of the judge as
meaning that in his opinion the overt act or acts
referred to had been proved. It is quite possible that
it may have been so considered by the jurors, or some
of them, rather than as a mere statement of the
people's claim. We cannot say that it did not result
in prejudice.

One of the defendants, Lillian Kucharski, testified
on the trial, claiming that certain mutuel bet slips
found in her possession at the time she was arrested
were bets that she herself had made, that she did not
accept bets from others, and that she acted solely
in her own behalf. Such testimony was presumably
directed to the question as to the existence of a con-
spiracy, or at least to the connection of defendant
Kucharski therewith. In instructing the jury with
reference to the weighing of testimony of witnesses
the trial judge stated that if the jurors believed that
a witness had falsified in his testimony in a material
respect they might disregard the entire testimony of
such witness, or might accept such portions as they
wished to believe, or that they found to be corrobo-
rated by other testimony. Such instruction was im-
mediately followed by the statement that:

"For instance, a witness takes the stand and says
that they played 9 or 10 or 11 current dated slips.
If you wish to believe that a witness would play 9
or 11 bets in large sums of money, 50 cents, $1.60,
whatever it may be, 11 times, whatever it may total
up, if my memory serves me, 12, 13 or 14 dollars, if
you wish to believe that, that is your province. You
can also believe that Abraham Lincoln was not
assassinated; he committed suicide."

It is not disputed that the reference was to the tes-
timony of defendant Kucharski, and on behalf of ap-
pellant it is argued that the court in effect ridiculed
her claims and clearly indicated to the jury his opin-
ion as to her credibility. The language used may

not fairly be interpreted in any other way. The jury could scarcely have failed to understand that the trial judge believed that the testimony of defendant Kucharski was false. We think that such statement exceeded the limits of fair comment. It was for the jury to determine the credibility of the witnesses in the case. In *People* v. *Lieska,* 161 Mich 630, the conviction of the defendant was reversed and a new trial ordered because of the conduct of the prosecuting attorney in asking improper questions and making unfair insinuations, the tendency of which was to prejudice the jury against a witness for defendant. It was held that such conduct of the prosecutor, which was permitted by the trial court, operated to prevent defendant from having a fair and impartial trial. See, also, *People* v. *Padgett, supra,* in which the conviction was reversed because of the conduct of the trial judge in seeking to impress on the jury his personal opinion as to the guilt of the defendant and the credibility of witnesses. We think that in the instant case the trial judge clearly invaded the province of the jury. It may not be said that prejudice to appellant did not result therefrom.

Because of the prejudicial errors above referred to the conviction and sentence of the appellant are reversed, and the case is remanded for a new trial.

BUTZEL, C. J., and BUSHNELL, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.