PEOPLE v. JEW

1. HOMICIDE—SECOND-DEGREE MURDER—SELF-DEFENSE—ACCIDENT—
INSTRUCTIONS—EVIDENCE.

An instruction on self-defense was not erroneously given in a
prosecution for second-degree murder, even though defendant's
theory was that he shot the deceased accidentally, where the
theory of self-defense was within the range of the evidence
(MCLA § 750.317).

2. APPEAL AND ERROR—INSTRUCTIONS—PRESERVING QUESTIONS—
COURT RULE.

Failure to object to jury instructions precludes the nonobjecting
party from claiming instructional error for the first time on
appeal (GCR 1963, 516.2).

3. HOMICIDE — WEAPONS — GUN — ACCIDENTAL DISCHARGE — IN-
STRUCTIONS — BURDEN OF PROOF.

Accidental gun discharge instruction did not improperly place
upon defendant the burden of proving that he shot the deceased
by accident where that instruction, considered in its entirety,
could not have led the jury to believe that the burden of prov-
ing accidental death rested on defendant, the trial court re-
peatedly instructed the jury that the presumption of innocence
accompanies a defendant throughout his trial, that the people
bear the burden of proving his guilt beyond a reasonable doubt,
and also specifically charged the jury that defendant had no
obligation to prove anything (MCLA § 750.317).

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Homicide § 519.
[2] 5 Am Jur 2d, Appeal and Error § 891.
[3] 40 Am Jur 2d, Homicide §§ 508, 509.
[4] 40 Am Jur 2d, Homicide §§ 508, 519.
[5] 5 Am Jur 2d, Appeal and Error § 894.
[6] 53 Am Jur, Trial § 699.
[7] 5 Am Jur 2d, Appeal and Error § 938.

4. Homicide—Accidental Death—Self-Defense—Instructions—
Propriety.
    A supplemental instruction regarding self-defense was properly
given, even though the court did not repeat that defendant was
not required to prove that the homicide victim's death was ac-
cidental, where the court charged the jury that defendant need
not prove self-defense but that the people had to prove that
defendant did not act in self-defense, there being no reason to
believe that the jury understood the self-defense instruction as
placing a burden upon defendant to prove accidental death.

5. Appeal and Error—Instructions—Review.
    An appellate court considers the entire charge in reviewing
claimed errors in the instructions.

6. Constitutional Law—Criminal Law—Nontestimonial Right—
Absence of Extrajudicial Statement—Witnesses—Volunteer
Testimony.
    Arresting officer's testimony that defendant, after being informed
of his constitutional rights to remain silent and to have legal
counsel, make no statement whatsoever, did not infringe upon
defendant's right not to testify in his own behalf where the
officer volunteered that information in response to a prosecu-
tion question regarding the whereabouts of the murder weapon,
and the trial court subsequently instructed the jury to disre-
gard his remarks about the defendant not making any state-
ment to the police (US Const, Am 5; Const 1963, art 1, § 17).

7. Criminal Law—Sentence—Discretion.
    The Court of Appeals will not interfere with a trial court's dis-
cretionary imposition of a punishment when the sentence is
within the statutory maximum.

Appeal from Recorder's Court of Detroit, George
W. Crockett, Jr., J. Submitted Division 1 January
5, 1970, at Detroit. (Docket No. 5,743.) Decided
February 4, 1970. Leave to appeal denied July 28,
1970. 383 Mich 809.

Willie T. Jew was convicted by a jury of man-
slaughter. Defendant appeals. Affirmed.

. *Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Carl Levin* and *Arthur J. Tarnow* (Legal Aid and Defender Association of Detroit), for defendant on appeal.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

J. H. GILLIS, J. On the evening of July 22, 1967, defendant, Willie T. Jew, and several others were present in the basement of an after-hours drinking establishment located in the city of Detroit. The men were drinking and gambling. During their dice game, a heated argument developed between defendant, one Albert Lewis, and two other participants. The game was then broken up by Charles Watson, proprietor of the establishment. Subsequently, defendant and Lewis exchanged abusive language. An argument ensued and a fight seemed imminent. At the time, Lewis was holding a beer bottle by its neck in his left hand. Defendant pulled a gun and shot Lewis through the neck, killing him. After arrest and examination, defendant was proceeded against upon an information charging him with second-degree murder, MCLA § 750.317 (Stat Ann 1954 Rev § 28.549). He was found guilty by jury verdict of manslaughter, MCLA § 750.321 (Stat Ann 1954 Rev § 28.553), and sentenced to serve 10 to 15 years in prison. Defendant's motion for new trial was denied and he appeals.

On appeal, defendant contends (1) that the trial court's instructions to the jury were erroneous in

several respects; (2) that a mistrial should have been declared upon testimony that defendant made no statement after his arrest; and (3) that defendant's sentence should be vacated for error in the imposition of punishment.

# I

## The Trial Court's Instructions

At trial, it was defendant's theory that the deceased was shot by accident. At the close of the proofs, the trial court asked defense counsel whether there were any requests to charge. None was submitted. An extensive charge followed, including specific instructions regarding self-defense. At the conclusion of the court's charge, counsel for defendant expressed his approval. He then requested an additional instruction on accidental discharge which was given by the court. Defendant contends that, since his theory was accidental discharge, the court erred in giving an instruction regarding self-defense. We cannot agree. During the trial, testimony was elicited on behalf of the defense which tended to show that defendant had acted in self-defense. Since a theory of self-defense was fairly within the range of the evidence, the court did not err in submitting the issue of self-defense to the jury. *Cf. People* v. *Sherman* (1968), 14 Mich App 720. Moreover, this objection is not appropriately before us, since counsel for defendant expressly approved the court's instruction on self-defense. Defendant may not for the first time on appeal claim error in the instructions. GCR 1963, 516.2; *People* v. *Jefferson* (1969), 18 Mich App 9 and cases therein cited.

Defendant claims that the court's instruction on accidental discharge improperly placed the burden of proving that the deceased was shot by accident

upon the defendant. We would agree that reversal would be required, if such were the result of the court's charge. *People* v. *Cismadija* (1911), 167 Mich 210; *People* v. *Cathey* (1922), 220 Mich 628; *People* v. *Asbury* (1932), 257 Mich 297; *People* v. *Clark* (1954), 340 Mich 411. The necessary inquiry then is whether it can fairly be said that the charge, when read as a whole, might have been construed by the jury as placing upon the defendant the burden of proving accidental discharge. See *People* v. *Fuhrmann* (1895), 103 Mich 593; *People* v. *Tubbs* (1907), 147 Mich 1; *People* v. *Statkiewicz* (1929), 247 Mich 260; *People* v. *Cathey, supra; People* v. *Clark, supra.* We are satisfied that, considered in its entirety, the charge could not have lead the jury to believe that the burden of proof of accident rested on defendant. Repeatedly, the trial judge instructed the jury that the presumption of innocence accompanies a defendant throughout trial and that the people bear the burden of proving defendant's guilt beyond a reasonable doubt. The trial judge specifically instructed the jury that "[defendant] has no obligation to prove anything." In his instruction regarding self-defense, the judge charged the jury:

"In order to rely on a defense of self-defense * * * the defendant is not required to prove self-defense. The burden is on the people to prove he did not act in self-defense * * * ."

Compare, *People* v. *Cathey, supra; People* v. *Asbury, supra.* While the court in its supplemental instruction did not repeat that defendant was not required to prove accident, there is no reason to believe that the jury understood otherwise in light of the court's instruction on proof of self-defense. We hold that the charge was a fair one and is not susceptible of an interpretation that the burden of proof was placed on defendant to prove the claim

of accident. *People* v. *Furhmann, supra; People* v. *Tubbs, supra; People* v. *Statkiewicz, supra.* See also, *People* v. *Hunley* (1946), 313 Mich 688; *People* v. *Pearson* (1968), 13 Mich App 371.

After a careful review of the entire charge by the court to the jury, we find other allegations of instructional error to be without merit. An appellate court considers the entire charge in reviewing claimed errors in the instructions. *People* v. *Dye* (1959), 356 Mich 271; *People* v. *Fred W. Thomas* (1967), 7 Mich App 519; *People* v. *Gardner* (1968), 13 Mich App 16. The charge, when completely read, presented the jury with a fair statement of the law and was not erroneous.

## II

### *Defendant's Motion for Mistrial*

At trial, the people called as a witness the police officer who had arrested defendant. The prosecution attempted to elicit from the witness whether the weapon used in the shooting was ever found. The following colloquy occurred:

"*Q.* Now, at the time you arrested him, did he have any weapons on him?

"*A.* No, sir.

"*Q.* Did you ever locate the weapon that was used in connection with this shooting?

"*A.* No, sir.

"*Q.* You did talk to the defendant?

"*A.* I advised him of his constitutional rights immediately after placing him under arrest for murder in the first degree.

"*Q.* But—

"*A.* (*Interposing*): He made no statement.

"*Q.* You never learned the whereabouts of any weapon?

"*A.* No, sir. He made no statement." (Emphasis supplied.)

Defense counsel moved for a mistrial on the ground that the underscored remarks infringed upon defendant's right not to testify in his own behalf. The motion was denied. The trial court reasoned:

"I, of course, listened to the testimony and heard the testimony, and I can agree with Mr. Sage [prosecuting attorney] that that statement made by the witness was volunteered. It was not called for by the question that was put to the witness. I strongly suspect that the jury paid absolutely no attention to it. But, just by way of precaution, the court will instruct the jury to disregard that statement, and the court is prepared to give whatever instruction you wish to prepare on that, Mr. Jaffe [defense counsel], so long as it is consistent with the law."

Subsequently, the trial court carefully instructed the jury to disregard the officer's remarks. Under the circumstances, the denial of defendant's motion was not error. *Cf. People* v. *Huey* (1956), 345 Mich 120; *People* v. *Paul F. Baker* (1967), 7 Mich App 471.

## III

### *The Sentence*

Defendant was sentenced to serve 10 to 15 years in prison. The term was within the statutory maximum, MCLA § 750.321 (Stat Ann 1954 Rev § 28-.553), and we refuse to interfere with the trial court's discretionary imposition of punishment. *People* v. *Pate* (1965), 2 Mich App 66.

Affirmed.

All concurred.