PEOPLE *v.* JOHNSON.

1. CRIMINAL LAW—EVIDENCE—CHARACTER OF DEFENDANT.
   The character of a defendant in a criminal case cannot be attacked unless he first puts it in issue by offering evidence of his good character.

2. SAME—EVIDENCE—CROSS-EXAMINATION—CHARACTER OF DEFENDANT.
   Response by criminal defendant on cross-examination that he characterized himself as a calm person cannot be construed as having put his character in issue and therefore no rebuttal of good character was in order.

3. SAME—EVIDENCE—IMPEACHMENT OF CHARACTER OF DEFENDANT.
   Introduction into evidence of specific acts of misconduct to prove defendant's bad character in prosecution for crime is improper.

4. SAME—EVIDENCE—OTHER OFFENSES.
   Evidence of other distinct offenses is generally inadmissible against a defendant in a criminal case unless it tends to show motive, intent, or the absence of mistake or accident or opportunity and inclination to commit sexual offense.

5. SAME—HOMICIDE—EVIDENCE—CRIMINAL RECORD OF DECEASED.
   The criminal record of the victim of a homicide is not admissible at the trial of the person accused of the homicide even if self-defense was an issue in the case, unless the facts contained in that record reflect the general reputation of the deceased as having a violent disposition and the defendant was aware of that reputation.

REFERENCES FOR POINTS IN HEADNOTES·
[1] 29 Am Jur 2d, Evidence § 340.
[2] 29 Am Jur 2d, Evidence § 341.
[3,4] 29 Am Jur 2d, Evidence § 344 *et seq.*
[5] 40 Am Jur 2d, Homicide § 301 *et seq.*
[6,7] 40 Am Jur 2d, Homicide § 349.

6. Same—Homicide—Self-defense—Evidence—Burden of Persuasion.

The defendant in a homicide case must come forward with evidence showing justification for his acts in order to establish the plea of self-defense, but this requirement does not diminish or shift from the people the burden of proof beyond a reasonable doubt.

7. Same—Homicide—Self-defense—Argument to Jury.

Extensive and repetitious statements by the prosecution during the course of a trial for murder that defendant must prove his plea of self-defense *held* to have improperly created the impression that guilt had been unquestionably established and that defendant must overcome that guilt or the plea of self-defense would fail, thus prejudicing the rights of the defendant.

Appeal from Jackson, Dalton (John C.), J. Submitted Division 2 February 6, 1968, at Lansing. (Docket No. 2,750.) Decided August 28, 1968. Leave to appeal granted February 19, 1969. 381 Mich 803.

Roger Johnson was convicted of murder in the second degree. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Vincent F. Stapley,* Assistant Prosecuting Attorney, for the people.

*William F. Goler,* for defendant.

T. G. Kavanagh, J.    Roger Johnson, while at Jackson state prison, was charged with the murder of Frank Clark, a fellow inmate, on October 24, 1965. The defendant does not deny that he stabbed Clark, but he claims that he acted in self-defense.

The jury found Johnson guilty of murder in the second degree.[1] The appeal lists 6 asserted errors, 3 dealing with the court's ruling on objections to the introduction of evidence and 3 with the claim of improper argument by the prosecutor.

The record shows that on cross-examination defendant was asked whether he "characterized" himself as a calm man or an excitable one, and he replied:

"I characterize myself as being calm."

At that point, the assistant prosecutor elicited testimony regarding recorded infractions of prison rules, arguments, fights and disturbances in which defendant was involved.

Two approaches have been taken to establish the admissibility of this evidence.

The prosecutor argued before the trial court, in response to objection by defense counsel, that incidents of prior misconduct were admissible to show defendant's "disposition toward violations and his entire mannerisms."

On appeal, prosecutor contends that as defendant had characterized himself as a calm man, evidence of prior belligerent misconduct served to test credibility.

As we view it, whatever the reasons advanced, it was improper to admit such evidence.

The argument offered on appeal must fail. The character of a defendant cannot be attacked unless he first puts it in issue by offering evidence of his good character. Defendant's response on cross-examination can in no way be treated as having put his character in issue and, consequently, no rebuttal of good character was in order. See *People* v. *Boske* (1922), 221 Mich 129. Furthermore, had defendant

---

[1] CL 1948, § 750.317 (Stat Ann 1954 Rev § 28.549).

put his character in issue, it is still error to introduce
specific acts of misconduct to prove a bad character.
*People* v. *Hill* (1932), 258 Mich 79. The prosecutor
cannot use a statement of self-characterization,
cleverly elicited on cross-examination of defendant,
as a springboard to reach every prior incident of
misconduct, under the guise of testing credibility.
On this theory, the evidence was inadmissible.

The prosecutor's explanation before the trial court
that such evidence was offered to show "disposition
toward violations" is equally untenable. In a trial
for a criminal offense, evidence of other distinct
offenses is generally inadmissible, unless tending to
show "motive, intent, the absence of, mistake or ac-
cident,"[2] or, in sexual offenses, to show "opportunity,
disposition of the parties, and intimate relations
tending to break down self respect." *People* v.
*Williams* (1965), 2 Mich App 91, 94. These excep-
tions are not applicable in a homicide case where the
evidence of unrelated and dissimilar prior incidents
is offered solely to prove defendant was more likely
to have committed, or disposed toward the commis-
sion of, that offense for which he stands trial.

Evidence of unrelated and collateral matters
"raises false issues and is likely to lead the jury to
try the accused of what is not in the information."
*People* v. *Pinkerton* (1889) 79 Mich 110, 113. To
compel defendant to answer such charges is to bring
him to *trial on one charge and ask him to acquit him-
self on another.* See *People* v. *Wright* (1940), 294
Mich 20. Such conduct by the prosecutor, in this
case, created a highly prejudicial atmosphere for the
defendant. Prosecutor's arguments before the trial
and before this court justifying admission of the
evidence are untenable.

---

[2] CL 1948, § 768.27 (Stat Ann 1954 Rev § 28.1050).

Defendant's assertion that the trial court erred in excluding the criminal record of the deceased, offered for the purpose of showing his quarrelsome and argumentative nature, is also without merit. Such evidence is material only where shown that facts contained on deceased's criminal record, indicating a violent disposition, reflect his general reputation, and that defendant was aware of that reputation. There was no such showing by defendant and the deceased's record was properly excluded.

Defendant also asserts that prejudicial error occurred in prosecutor's final argument to the jury wherein he stated:

"So on the three points of self-defense, on none of them has defendant established his case; and remember, he has to prove all three, and he hasn't established any one of the three."

This position is clearly contrary to the law in Michigan. See *People* v. *Asbury* (1932), 257 Mich 297. The assistant prosecutor made numerous references to defendant's burden of proving that he acted in self-defense and stated to the jury:

"I believe if you listen carefully you will find that the court will instruct you that all three of these elements must be established; not two, not one, but all three if you are to determine that this was self-defense."

Defense counsel, both in his closing arguments and in his requested charge to the jury, wanted the jury to know that it is the people's burden to prove the charge of murder beyond a reasonable doubt. The trial court (rejecting the defendant's requested instructions) charged the jury:

"Now, I further instruct you that self-defense, in proper cases, is the right of every person, *but it*

*will not justify the taking* of a human life *unless you
jurors are satisfied* from the testimony first, that
the defendant was not the aggressor in bringing on
the difficulty, unless he was at that time in imminent
danger of losing his own life or suffering some griev-
ous bodily injury and that his only safety lay in strik-
ing the blow which caused the death of the deceased
and second, that there existed at the time of the stab-
bing, in the defendant's mind, a present and impend-
ing necessity to so stab in order to save himself from
death or some great bodily harm; and, third, there
must have been no way open whereby he could have
retreated as it appeared to him at that time, to a
place of safety and thus avoided the conflict.

"Unless you find all three of these elements, then
the plea of self-defense fails." (Emphasis added.)

Viewed in its entirety, we find the prosecutor's
final argument improperly minimizing the people's
burden to prove the charge of murder beyond a
reasonable doubt and correspondingly magnifying
defendant's burden of proving his claim of self-
defense.

To establish the plea of self-defense, it is true that
defendant must come forward with evidence to show
justification for his acts. But this requirement
neither diminishes nor shifts from the people the
burden of proof beyond a reasonable doubt.

Extensive and repetitious statements during the
course of a trial that a defendant must prove his
plea of self-defense create the impression that the
people have unquestionably established guilt, and
defendant must now overcome that guilt or "the plea
of self-defense fails."

This argument fails to take into account the pos-
sibility that a jury may reject defendant's argument
of self-defense and *still* bring in a verdict of not
guilty, either because the people failed to prove their
case or for some other unstated reason.

The court should have made this clear, but unfortunately, the instructions given failed to do so, and the damaging prejudicial effect remained.

Reversed and remanded.

QUINN, P. J., and CORKIN, J., concurred.