PEOPLE v. FIELD

ESCAPE—INSTRUCTIONS TO JURY—DURESS—BURDEN OF PROOF—AF-
FIRMATIVE DEFENSE.

The burden of proof is on the people to show facts and circum-
stances which convince a jury beyond a reasonable doubt that
the defendant's escape from prison was not under duress, after
that defense is raised; thus, where the court instructed the
jury that the "burden of proving affirmative defenses is upon
the defendant, and he has the burden of proving such an
affirmative defense by a preponderance of the evidence",
reversible error was committed (MCLA § 750.193).

Appeal from Jackson, Charles J. Falahee, J.
Submitted Division 2 November 9, 1970, at Lansing.
(Docket No. 8141.)   Decided December 4, 1970.

Johnny G. Field was convicted of escaping from
prison.   Defendant appeals.   Reversed and re-
manded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Bruce A. Barton,*
Prosecuting Attorney, and *Paula O. Hosick,* Chief
Appellate Attorney, for the people.

*Allan G. Weatherwax, Jr.,* for defendant on ap-
peal.

REFERENCES FOR POINTS IN HEADNOTE
53 Am Jur, Trial §§ 650, 651.
47 Am Jur 2d, Jury § 72 *et seq.*

Before: Quinn, P. J., and Danhof and Carroll,* JJ.

Per Curiam. Defendant was tried April 28, 1969 on a charge of escaping prison contrary to MCLA § 750.193 (Stat Ann 1970 Cum Supp § 28.390) and found guilty by a jury. Testimony at trial showed that defendant was serving a prison term at Camp Waterloo in Jackson County. His prison sentence began on November 3, 1967. On September 8, 1968, defendant left Camp Waterloo without authority. He was apprehended on September 14, 1968 and returned to prison at Jackson. Defendant claimed at trial that he had been forced to leave the prison camp by three people under threat of death. Several claims of error are made. It is only necessary to discuss one.

At trial, the court instructed the jury as follows:

"I instruct you that in criminal prosecution, as in civil cases, that the burden of proving affirmative defenses is upon the defendant, and he has the burden of proving such an affirmative defense by a preponderance of the evidence."

and,

"Jurors, as I previously stated, the defendant when he alleges an affirmative defense, has the burden of proving such defense by a preponderance of the evidence."

and further,

"In this regard I instruct you that there can be no crime of escape in this case if you find by a preponderance of the evidence that the defendant was forced against his will to leave."

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant claims said instructions are contrary to law. We agree. The error is reversible. *People v. Asbury* (1932), 257 Mich 297; *People v. Johnson* (1968), 13 Mich App 69. The burden was not upon defendant to satisfy the jury that he left Camp Waterloo under duress. Under settled law of this state, the burden is upon the people to show facts and circumstances as convinced the jury beyond a reasonable doubt that his escape was not under duress.

Reversed and remanded for new trial.