PEOPLE v TERRY

Docket No. 194992. Submitted June 10, 1997, at Grand Rapids. Decided July 11, 1997, at 9:05 A.M.

Parshall P. Terry was convicted by a jury in the Saginaw Circuit Court, Lynda L. Heathscott, J., of carjacking, pleaded guilty of being a fourth-offense habitual offender, and was sentenced to a prison term of from twenty to thirty years. The evidence showed that the defendant, after having a physical confrontation with his probation agent, fled from the agent's office, approached a parked vehicle, and asked the driver for a ride. When the driver refused, the defendant entered the vehicle through the door on the passenger's side of the vehicle. An off-duty police officer dressed in plain clothes observed the activity, approached the vehicle with his handgun drawn, announced his status as a police officer, and asked the defendant to surrender. The officer testified that the defendant moved aggressively toward the driver and tried to expel the driver from the vehicle and that the driver thereafter left the vehicle. The defendant then drove off in the vehicle, after having been shot by the police officer, who believed that the defendant had been reaching for a weapon. The defendant appealed.

The Court of Appeals *held*:

1. The felony of carjacking, MCL 750.529a(1); MSA 28.797(a)(1), requires proof that a vehicle be taken "by force or violence, or by threat of force or violence, or by putting in fear." The testimony of the police officer that the defendant moved aggressively toward the driver of the vehicle and tried to expel the driver from the vehicle before the driver, in fact, left the vehicle, together with the inferences that may be drawn from that testimony, was sufficient to create a factual question for the jury whether the vehicle had been taken by force or violence, by the threat of the same, or by putting in fear. Accordingly, the district court properly bound over the defendant for trial on the carjacking charge, despite the contrary testimony of the driver of the vehicle that the defendant never used or threatened to use any force or violence. The testimony of the officer at trial was sufficient to support both the submission of the charge of carjacking to the jury and the jury's conviction of the defendant of that charge.

2. The defense of duress is successfully raised where a criminal defendant presents evidence from which a jury could conclude that there was threatening conduct sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm, that the conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant, that the fear or duress was operating on the mind of the defendant at the time the alleged criminal act was committed by the defendant, that the defendant committed the alleged criminal act to avoid the threatened harm, and that the duress did not arise as the result of the negligence or fault of the defendant. There was sufficient evidence adduced at trial to prove beyond a reasonable doubt that the defendant was not under duress brought on by being confronted by a person dressed in plain clothes who was holding a handgun when the defendant took the vehicle. The testimony of the police officer that he identified himself as a police officer several times was sufficient to allow the jury to conclude that the defendant knew or should have known that the person confronting him was a police officer and that he would not be killed or seriously harmed if he surrendered. In any event, any duress arose because of the defendant's own actions, a fact that precludes a successful defense of duress.

3. The felony of carjacking does not require proof that a defendant intend to deprive the victim permanently of possession of the vehicle. The statute clearly prescribes punishment for one who "robs, steals, or takes a motor vehicle." The evidence clearly showed that the defendant took the vehicle, and the statute does not require that the taking be with the intent to deprive the victim permanently of possession of the vehicle.

4. The trial court sufficiently articulated on the record the reasons for the sentence that was imposed. The sentence was proportionate to the offense and the offender in light of the callous disregard shown by the defendant for the safety and property of others in his attempt to flee from authorities and in light of the defendant's extensive record of prior criminal convictions. Because the sentence is proportionate, it does not constitute cruel and unusual punishment.

Affirmed.

1. CRIMINAL LAW — CARJACKING — TAKEN BY FORCE OR VIOLENCE — SUFFI-
    CIENCY OF PROOFS.

    The felony of carjacking requires proof that a vehicle be taken by
        force or violence, by threat of force or violence, or by putting in
        fear; that element is sufficiently shown to permit the binding over
        of a defendant for trial on a charge of carjacking or for submission
        of the charge to a jury where there is evidence that the defendant

moved aggressively toward the driver of the vehicle that was taken and tried to expel the driver from the vehicle (MCL 750.529a[1]; MSA 28.797[a][1]).

2. CRIMINAL LAW — DURESS.

The defense of duress is successfully raised where a criminal defendant presents evidence from which a jury could conclude that there was threatening conduct sufficient to create in the mind of a reasonable person the fear of death or serious bodily harm, that the conduct in fact caused such fear of death or serious bodily harm in the mind of the defendant, that the fear or duress was operating on the mind of the defendant at the time the alleged criminal act was committed by the defendant, that the defendant committed the alleged criminal act to avoid the threatened harm, and that the duress did not arise as the result of the negligence or fault of the defendant.

3. CRIMINAL LAW — CARJACKING — INTENT.

The felony of carjacking may be established by proof that the defendant, by force or violence, or by threat of force of violence, or by putting in fear, took a vehicle from another persion in lawful possession of the vehicle and does not require proof that the defendant intended to deprive the victim permanently of possession of the vehicle (MCL 750.529a[1]; MSA 28.797[a][1]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael D. Thomas*, Prosecuting Attorney, and *Janet M. Boes*, Assistant Prosecuting Attorney, for the people.

*Smith & Brooker* (by *George B. Mullison*), for the defendant.

Before: REILLY, P.J., and HOOD and MURPHY, JJ.

MURPHY, J. Following a jury trial, defendant was convicted of carjacking, MCL 750.529a; MSA 28.797(a). Thereafter, he pleaded guilty of being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084. Defendant was sentenced to twenty to thirty years' imprisonment. He appeals as of right. We affirm.

FACTS

Defendant had previously been convicted of a felony under the name "Wesley Hudson." Defendant continued to use that alias when he was initially interviewed by his probation agent. After the initial interview, the probation agent became aware of defendant's ruse. When confronted with this information at a subsequent meeting, defendant attempted to leave the probation agent's office, sparking a physical confrontation. Defendant eventually fled from the building and approached a vehicle parked outside. Robert Daniels was in the driver's seat of the vehicle when defendant asked for a ride. Daniels refused defendant's request. Uninvited, defendant entered the vehicle through the passenger side door. An off-duty police officer, David Hamlett, dressed in plain clothes, approached the vehicle with his handgun drawn, asking defendant to surrender. Defendant moved into the driver's seat of the vehicle and Daniels left the vehicle. Officer Hamlett, believing defendant was reaching into his coat for a weapon, shot defendant. Defendant drove away in the vehicle and was subsequently apprehended five blocks away.

I

MCL 750.529a(1); MSA 28.797(a)(1) provides:

A person who by force or violence, or by threat of force or violence, or by putting in fear robs, steals, or takes a motor vehicle as defined in [MCL 750.412; MSA 28.644] from another person, in the presence of that person or the presence of a passenger or in the presence of any other person in lawful possession of the motor vehicle, is guilty of carjacking, a felony punishable by imprisonment for life or any term of years.

Defendant's first claim is that the prosecution presented insufficient evidence at both the preliminary examination and at trial. Specifically, defendant argues that there was no evidence presented to establish that he took the vehicle "by force or violence, or by threat of force or violence, or by putting in fear." We disagree.

The district court must bind over a defendant if the evidence presented at the preliminary examination establishes that a felony has been committed and there is probable cause to believe that the defendant committed the crime. *People v Whipple*, 202 Mich App 428, 431; 509 NW2d 837 (1993). We review a district court's decision for an abuse of discretion. *Id.* Circumstantial evidence and reasonable inferences arising from the evidence are sufficient to support a bindover. *Id.* at 432. The prosecution is not required to prove each element of the crime beyond a reasonable doubt. Where there is credible evidence both to support and to negate the existence of an element of the crime, a factual question exists that should be left to the jury. *People v Kieronski*, 214 Mich App 222, 228-229; 542 NW2d 339 (1995).

In this case, credible evidence was presented at the preliminary examination both to support and to negate the force or violence element of the crime. The victim, Daniels, testified that defendant never used or threatened to use any force or violence. However, Officer Hamlett testified that defendant got into the vehicle, moved aggressively toward the driver, and tried to "expel" the driver from the vehicle and that the driver left the vehicle. We find this testimony and the reasonable inferences arising therefrom sufficient to create a factual question for the jury. The dis-

trict court did not abuse its discretion in binding over defendant on the carjacking charge.

In reviewing the sufficiency of the evidence presented at trial in a criminal case, we view the evidence in a light most favorable to the prosecution and determine whether a rational factfinder could conclude that the essential elements of the crime were proved beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended on other grounds 441 Mich 1201 (1992). In this case, we find that the prosecution presented sufficient evidence at trial to overcome defendant's motion for a directed verdict and support defendant's conviction.

The testimony indicated that defendant got into the passenger side of the vehicle while Daniels was in the driver's seat. Defendant aggressively slid over toward Daniels, in what Hamlett characterized as a threatening manner, touching him and causing him to move closer to the driver's side door. Defendant then put the vehicle in gear. Daniels put the vehicle back in park and got out. Defendant then drove off in the vehicle. Officer Hamlett testified at trial, as he did in the preliminary examination, that defendant tried to "expel" Daniels from the vehicle and further described defendant's actions as "pushing the driver out." While Daniels testified at trial that defendant did not use or threaten to use force or violence, we must, in considering proofs in a light most favorable to the prosecution, avoid weighing the proofs or determining what testimony to believe. *People v Herbert*, 444 Mich 466, 474; 511 NW2d 654 (1993). Instead, we must resolve all conflicts in favor of the prosecution. *Id.* With that in mind, we find the evidence presented was sufficient to allow the jury to find, beyond a rea-

sonable doubt, that defendant used force to take the
vehicle.

II

Next, defendant claims that the prosecution
presented insufficient evidence at trial to prove,
beyond a reasonable doubt, that defendant did not act
under duress. Defendant argues that he committed
the instant offense out of fear for his safety in light of
the fact that he did not know Hamlett, who was aim-
ing a handgun at defendant and eventually shot him,
was a police officer.

The defense of duress is successfully raised where
a defendant presents evidence from which a jury
could conclude: (1) there was threatening conduct
sufficient to create in the mind of a reasonable per-
son the fear of death or serious bodily harm, (2) the
conduct in fact caused such fear of death or serious
bodily harm in the mind of the defendant, (3) the fear
or duress was operating upon the mind of the defend-
ant at the time of the alleged act, and (4) the defend-
ant committed the act to avoid the threatened harm.
*People v Luther*, 394 Mich 619, 623; 232 NW2d 184
(1975). The defendant's actions must have been
necessitated by conduct that would cause a reasona-
ble person to fear death or serious bodily harm. *Peo-
ple Gimotty*, 216 Mich App 254, 257; 549 NW2d 39
(1996). Furthermore, the duress " 'must have arisen
without the negligence or fault of the person who
insists upon it as a defense.' " *People v Merhige*, 212
Mich 601, 611; 180 NW 418 (1920), quoting 16 Corpus
Juris 91. Once a defendant successfully raises the
defense, the prosecution has the burden of showing,
beyond a reasonable doubt, that the defendant did

not act under duress. *People v Fields*, 28 Mich App 476, 478; 184 NW2d 551 (1970).

The testimony indicated that while defendant was in the vehicle, Hamlett, although not in uniform, identified himself as a police officer multiple times, asked defendant to surrender, and gave defendant plenty of time to do so. Daniels testified that when he left the vehicle, he thought Hamlett was a police officer. In addition, defendant knew that he had just fled from his probation agent's office, located in a building next to the courthouse, where a physical altercation took place and that his probation agent did not want him to leave.

We find this evidence sufficient to allow the jury to conclude beyond a reasonable doubt that defendant either knew or should have known that Hamlett was an officer of the law and that he would not be killed or seriously harmed if he surrendered. In other words, the jury could have concluded that a reasonable person would not have been placed in fear of death or serious bodily harm or that defendant's illegal actions were not necessary to avoid death or serious bodily harm. In any event, we are of the opinion that any duress arose because of defendant's own actions, a fact that precludes a successful duress defense. Defendant's claim must fail.

III

Next, defendant claims that the prosecution failed to present sufficient evidence by which the jury could conclude beyond a reasonable doubt that he intended to deprive the victim permanently of possession of the vehicle. Defendant's claim must fail because no

such evidence is required to support a conviction of carjacking.

Where a statute is clear and unambiguous, judicial construction or interpretation is precluded. *People v Armstrong*, 212 Mich App 121, 123; 536 NW2d 789 (1995). We must presume the Legislature intended the plain meaning expressed in the statute and enforce it as written. *People v Evans (After Remand)*, 213 Mich App 671, 674-675; 540 NW2d 489 (1995). In this case, we find the carjacking statute to be clear and unambiguous, prescribing punishment for one who "robs, steals, or *takes* a motor vehicle" (emphasis added). Clearly, the prosecution presented sufficient evidence that defendant *took* the victim's vehicle. The plain language of the statute does not require an intent to deprive permanently, and we decline to infer such a requirement. Defendant's claim is without merit.[1]

IV

Finally, defendant challenges his sentence on three separate grounds. Unpersuaded, we affirm his sentence.

First, defendant claims that the trial court failed to articulate adequately the reasons for the sentence imposed. We disagree. The purpose of the articulation requirement is to aid appellate review and avoid injustice on the basis of error at sentencing. *People v Brown*, 186 Mich App 350, 358; 463 NW2d 491 (1990). In this case, it is clear that the sentence was individualized and premised on defendant's past record, his habitual offender status, his dim prospects for reha-

---

[1] While the trial court did erroneously instruct the jury that the intent to deprive permanently was an element of the offense, the error was harmless because it was to the benefit of defendant.

bilitation, and the fact that defendant jeopardized the lives and property of others to save himself from being apprehended. The trial court's articulation satisfied the requirement that it "state on the record which criteria were considered and what reasons support the court's decision regarding the length and nature of punishment imposed." *People v Coles*, 417 Mich 523, 550; 339 NW2d 440 (1983), overruled in part on other grounds in *People v Milbourn*, 435 Mich 630, 635; 461 NW2d 1 (1990). We fail to see how a remand for a more specific statement would serve any purpose. *Brown, supra.* Relief is unwarranted.

Next, defendant claims that his sentence is disproportionate. We disagree. A sentence must be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Milbourn, supra* at 651. In this case, defendant showed a callous disregard for and jeopardized the lives and property of others in his attempt to flee authority. According to the presentence investigation report, defendant has eight prior felony convictions and fourteen misdemeanor convictions and was on probation when he committed this offense. Both carjacking and habitual offender, fourth offense, carry a possible life sentence. Under these circumstances, defendant's twenty-year sentence is proportionate.

Last, defendant claims that his sentence amounts to cruel and unusual punishment. However, a proportionate sentence is not cruel and unusual. *People v Williams (After Remand)*, 198 Mich App 537, 543; 499 NW2d 404 (1993). Because defendant's sentence is proportionate, his claim must fail.

Affirmed.