# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

BRUCE ALLEN COOPER,

        Defendant-Appellant.

UNPUBLISHED
February 11, 2016

No.  323323
Otsego Circuit Court
LC No.  14-004804-FH

Before:  BOONSTRA, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his conviction following a jury trial of felonious assault, MCL 750.82.  The trial court sentenced defendant as a habitual offender, fourth offense, MCL 769.12, to 24 months' to 15 years' imprisonment.  We affirm.

This prosecution stems from an incident occurring outside a Kohl's department store. Defendant and a female companion had been under surveillance by Ryan Wright, a loss-prevention agent.  At a certain point, Wright approached the woman after she left the store and asked her to return.  She declined and climbed into a car driven by defendant that was waiting at the curb.  Wright stepped behind the vehicle and recorded its license plate number.  Wright testified that he made eye contact with defendant in the vehicle's rearview mirror, an assertion defendant denied.  According to Wright, the vehicle started to come back toward him "very rapidly," and he had to "jump out of the way."  He testified that he feared he might be killed or injured.  Defendant testified that he went in reverse because he "didn't want him to get the plate number."  Defendant denied that he was trying to hit Wright or frighten him.

Defendant raises two challenges to the adequacy of the evidence adduced in favor of the verdict.  He first contends that there was insufficient evidence to convict him of felonious assault because the evidence did not establish beyond a reasonable doubt that he acted "with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*,

-1-

235 Mich App 499, 505; 597 NW2d 864 (1999).[1]  We review this assertion de novo.  *People v Cline*, 276 Mich App 634, 642; 741 NW2d 563 (2007).

When reviewing a challenge to the sufficiency of the evidence, this Court reviews "the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt."  *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006).  "Circumstantial evidence and reasonable inferences therefrom may be sufficient to prove all the elements of an offense beyond a reasonable doubt."  *People v Schumacher*, 276 Mich App 165, 167; 740 NW2d 534 (2007).  Any conflicting evidence must be resolved in favor of the prosecution.  *People v Terry*, 224 Mich App 447, 452; 569 NW2d 641 (1997).  "Questions of credibility are left to the trier of fact and will not be resolved anew by this Court."  *Avant*, 235 Mich App at 506.

"[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented."  *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).  Defendant testified that he never made eye contact with Wright and had no intent to hit or frighten him.  By contrast, Wright testified that he made eye contact with defendant in the vehicle's rearview mirror while he was standing behind the vehicle.  These conflicting assertions are an issue of credibility that is "left to the trier of fact and will not be resolved anew by this Court."  *Avant*, 235 Mich App at 506.  The jury could reasonably infer from Wright's testimony that defendant knew Wright was present and intended to hit him or cause him to fear an immediate battery when he placed the car into reverse and accelerated suddenly.  Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence for the jury to find that defendant had the requisite intent to commit felonious assault.

Defendant also argues that the trial court abused its discretion in denying his motion for a new trial based on the argument that the verdict was against the great weight of the evidence.  We review a denial of a motion for new trial for an abuse of discretion.  *People v Unger*, 278 Mich App 210, 232; 749 NW2d 272 (2008).  "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes."  *People v Young*, 276 Mich App 446, 448; 740 NW2d 347 (2007).

A trial court "may grant a new trial only if the evidence preponderates heavily against the verdict so that it would be a miscarriage of justice to allow the verdict to stand."  *People v Lemmon*, 456 Mich 625, 627; 576 NW2d 129 (1998).  If the " 'evidence is nearly balanced, or is such that different minds would naturally and fairly come to different conclusions,' the judge may not disturb the jury findings although his judgment might incline him the other way."  *Id.* at 644, quoting *State v Kringstad*, 353 NW2d 302, 307 (ND, 1984).

---

[1] "The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery."  *Avant*, 235 Mich App at 505.  Defendant only challenges the sufficiency of the evidence with respect to intent.

Defendant contends that the verdict was against the great weight of the evidence because he testified that he was distracted by an injury his female companion had sustained,[2] did not make eye contact with Wright, and continued to reverse the car beyond the place where Wright was standing. As with defendant's sufficiency of the evidence challenge, this is an argument predicated on an assessment of the credibility of the witnesses, a matter left to the fact-finder to resolve. *Lemmon*, 456 Mich at 637.

For the same reasons set forth with respect to defendant's sufficiency of the evidence challenge, we conclude the trial court did not err in denying defendant's motion for new trial. The verdict was well supported by the evidence presented and the reasonable inferences arising therefrom.

Affirmed.

/s/ Mark T. Boonstra
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray

---

[2] Defendant's female companion accidentally cut her finger open while trying to cut off merchandise security tags in the dressing room.