# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DARRYL ELAWRENCE BROWN,

Defendant-Appellant.

UNPUBLISHED
November 29, 2016

No.  328299
Wayne Circuit Court
LC No.  14-009861-01-FC

Before:  M. J. KELLY, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of one count of possession with intent to deliver less than 50 grams of cocaine, MCL 333.7401(2)(a)(iv).  He was sentenced as a second habitual offender, MCL 769.10, to five years' probation, the first six months to be served in jail.  For the reasons set forth in this opinion, we affirm defendant's conviction and sentence.

## I.  BACKGROUND

This appeal arises out of an incident which occurred in the City of Detroit on September 17, 2014.  On that date, undercover police officers observed a known drug dealer on the front porch of a Detroit residence, holding what police believed was a baggie containing drugs. As the dealer entered the residence, police followed and while inside the home officers testified that they observed defendant sitting in the dining room.  According to police testimony, after police ordered defendant to freeze he flung a pill bottle.  The pill bottle was later discovered to have contained 37 separate zip-locked packages of cocaine.

Defendant, who testified on his own behalf, told the jury that he was at the residence that day to investigate doing some electrical work on the house.  While there, defendant was wearing a pellet gun with a laser site in a shoulder holster.  Defendant testified that he carried the pellet gun for protection because he had been previously beaten and robbed.  Defense counsel attempted to introduce a photo of defendant after the beating, but the trial court denied introduction of the photograph.  Defendant denied possession of the cocaine, insisting that he was at the home to investigate what electrical work the home needed. Defendant was convicted and sentenced as stated above.  This appeal then ensued.

## II.  ANALYSIS

-1-

On appeal, defendant first argues that the trial court erred when it denied a defense motion to admit a photograph of defendant's injuries after he was beaten and robbed to support his claim that he possessed a pellet gun as a warning to other potential attackers. A claim that evidence was improperly excluded at trial is reviewed for an abuse of discretion. *People v Starr*, 457 Mich 490, 494; 577 NW2d 673 (1998), citing *People v Bahoda*, 448 Mich 261, 289; 531 NW2d 659 (1995). The admission of photographic evidence is reviewed for an abuse of discretion. *People v Coddington*, 188 Mich App 584, 598; 470 NW2d 478 (1991).

Two steps must be taken when a court is considering the admissibility of photos. *People v Mills*, 450 Mich 61, 66; 537 NW2d 909 (1995), mod on other grounds 450 Mich 1212 (1996). First, the court must determine whether the evidence is relevant under MRE 401. If it is, the court must then determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under MRE 403. *Id.*

Defendant argues that the photo of his injuries after he had been beaten and robbed was relevant because it relates to a fact in consequence. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. A fact that is "of consequence" to the case is a material fact. *People v McKinney*, 410 Mich 413, 418-419, 301 NW2d 824 (1981).

> "Materiality looks to the relation between the propositions for which the evidence is offered and the issues in the case. If the evidence is offered to help prove a proposition which is not a matter in issue, the evidence is immaterial."
>
> However, materiality does not mean that the evidence must be directed at an element of a crime or an applicable defense. . . . As stated by the United States Court of Appeals for the Sixth Circuit, in *United States v Dunn*, 805 F2d 1275 (CA 6, 1986), a material fact "need not be an element of a crime or cause of action or defense but it must, at least, be 'in issue' in the sense that it is within the range of litigated matters in controversy." [*Mills*, 450 Mich at 67-68 (citations omitted).]

At defendant's trial, Officer Taylor testified that, in his experience, drug dealers often carry weapons for protection. Defendant asserts on appeal that he testified about his reason for carrying a pellet gun to refute any implication that he was a drug dealer that could have arisen from Officer Taylor's testimony. However, defendant's reason for carrying a pellet gun does not relate to the matter "in issue" in this case of whether defendant possessed the pill bottle containing baggies of cocaine and tossed it away when confronted by police and thus is not a fact of consequence. Likewise a photograph of the injuries he suffered after allegedly having been beaten and robbed a month before the charged offense is also unrelated to the matter at issue.

Defendant was charged with possession with intent to deliver less than 50 grams of cocaine. To convict defendant of that offense, the evidence had to show:

> (1) that the recovered substance is cocaine, (2) that the cocaine is in a mixture weighing less than fifty grams, (3) that defendant was not authorized to possess

-2-

the substance, and (4) that defendant knowingly possessed the cocaine with the intent to deliver. [*People v Wolfe*, 440 Mich 508, 516-517; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992).]

Because defendant was not charged with any offense related to his possession or carrying of the pellet gun, his reason or intent in carrying the pellet gun was not 'within the range of litigated matters in controversy." *Mills*, 450 Mich at 68. Injuries defendant allegedly suffered after a beating are immaterial to the issue in controversy of whether he committed the charged offense of possession with intent to deliver less than 50 grams of cocaine. Although the photograph was ostensibly offered to show that defendant carried the pellet gun after having been assaulted to protect against another assault, there is no logical relationship between defendant's past injuries and his possession of the pill bottle containing bags of cocaine involved in the crime charged. We also note that defendant was able to, on numerous occasions, inform the jury that his sole reason for carrying the pellet gun was to protect himself from a future assault. Considering the entirety of the record evidence presented, we cannot conclude that the trial court abused its discretion when it found that the photograph was not relevant. Accordingly, defendant is not entitled to relief on this issue.

Defendant next argues that he was denied his Fifth Amendment due process rights because insufficient evidence was presented at trial on the element of possession to prove beyond a reasonable doubt. This Court reviews the record de novo when reviewing claims of insufficient evidence to support a conviction. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). This Court must view the evidence in the light most favorable to the prosecution and determine if a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). Constitutional questions are also reviewed do novo. *People v Herron*, 464 Mich 593, 599; 628 NW2d 528 (2001); *People v Swint*, 225 Mich App 353, 364; 572 NW2d 666 (1997).

Due process requires the prosecutor to present sufficient evidence to justify a trier of fact finding a criminal defendant guilty beyond a reasonable doubt. *People v Johnson*, 460 Mich 720, 723; 597 NW2d 73 (1999). The determination of credibility and intent should be left to the trier of fact to decide. *People v Avant*, 235 Mich App 499, 506; 597 NW2d 864 (1999). Circumstantial evidence and the reasonable inferences drawn therefrom can constitute satisfactory proof of the elements of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). All conflicts in the evidence must be resolved in favor of the prosecution. *People v Terry*, 224 Mich App 447, 452; 569 NW2d 641 (1997). Additionally, witness credibility is a matter of weight, not sufficiency, of the evidence. *People v Scotts*, 80 Mich App 1, 9; 263 NW2d 272 (1977). This Court will not resolve the issue of witness credibility anew on appeal. *People v Milstead*, 250 Mich App 391, 404; 648 NW2d 648 (2002).

As previously stated in this opinion, the jury heard from police officers and from defendant. Officer Taylor testified that he saw defendant toss a pill bottle found to contain bags of cocaine to the floor while defendant testified that the pill bottle was never in his possession. Testimony was also provided that the cocaine found in the pill bottle was in 37 separate baggies of cocaine, a type of packaging known by law enforcement to be indicative of drugs to be offered for sale. Additionally Officers Penn and Taylor both testified that defendant was found seated in the dining room of a known drug house while a man with outstanding arrest warrants stood on

the front porch of the house. Although defendant claimed during trial that he was at the house to investigate providing electrical repairs for the house, the officers testified that there was no electrical panel at the house and that defendant never told them he was there to provide electrical services.

Our review of the record evidence presented in this matter leads us to conclude that there was sufficient evidence to convict defendant beyond a reasonable doubt. On appeal defendant is essentially arguing that the testimony of the officers should be discarded and only defendant's testimony should be considered by this Court. We decline to do so for the reasons previously set forth in this opinion. See, *Milstead*, 250 Mich App at 404; *Terry*, 224 Mich App at 452.

Affirmed.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Stephen L. Borrello