*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TERENCE MITCHELL BRUCE,

        Defendant-Appellant.

UNPUBLISHED
October 10, 2019

No. 331232
Jackson Circuit Court
LC No. 15-004687-FH

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

STANLEY LYLE NICHOLSON,

        Defendant-Appellant.

No. 331233
Jackson Circuit Court
LC No. 15-004688-FH

ON REMAND

Before: SERVITTO, P.J., and MURRAY, C.J. and BORRELLO, J.

PER CURIAM.

This matter returns to this Court on remand for consideration of issues not addressed by this Court's prior opinion, *People v Bruce*, unpublished per curiam opinion of the Court of Appeals, issued October 5, 2017 (Docket Nos. 331232 and 331233), rev'd ___ Mich ___ (2019) (Docket Nos. 156827 and 156828), reh den ___ Mich ___ (2019) (Docket Nos. 156827 and 156828). For the reasons set forth in this opinion, we affirm.

-1-

## I. BACKGROUND

Defendants "were federal border patrol agents assigned to a Hometown Security Team (HST) task force operating in Jackson County in December 2014. The HST is a 'criminal intervention team' assigned mostly to freeways and that focuses on drugs and firearms." The HST "consisted of Michigan State Police troopers, border patrol agents, and other officers." *People v Bruce*, ___ Mich ___, ___; ___ NW2d ___ (2019) (Docket Nos. 156827 and 156828); slip op at 2. The HST executed a search warrant in December 2014 at two private residences rented by Benjamin Scott. *Id*. at ___; slip op at 3. While the purpose of the searches was to obtain evidence of an "elaborate marijuana-growing operation," *id*., Nicholson took an antique thermometer and barometer device home with him, and Bruce took a stool, *id*. at ___; slip op at 3-4. Nicholson tried to refurbish the thermometer and barometer device, but he broke the lens and threw the entire device away. *Id*. at ___; slip op at 3. Bruce kept the stool until he was asked about it by an HST team leader. *Id*. at ___; slip op at 4. Bruce admitted that he took the stool, and returned it to a Michigan State Police post in Jackson. *Id*. "Defendants were charged with common-law misconduct in office[1] as well as larceny in a building[2]." *Id*. A jury convicted both men of common-law misconduct in office, but acquitted each of larceny in a building. *Id*.

On appeal, both defendants argued, in part, that they could not be convicted of misconduct in office because they were not public officers, an element of the common-law offense. In a two-to-one decision, this Court agreed, and vacated defendants' convictions.[3] Judge Borrello dissented.

In a decision issued on July 25, 2019, our Supreme Court held that defendants were public officials who could be convicted of common-law misconduct in office. *Bruce*, ___ Mich ___. The Court "reverse[d] the decision of the Court of Appeals," and remanded the matter to this Court "for consideration of defendants' remaining arguments." *Id*. at ___; slip op at 19.

Following our Supreme Court's decision in this matter, there are two arguments left to be decided by this Court. First, both defendants argue that insufficient evidence was presented to prove that they acted with corrupt intent, a necessary element of common-law misconduct in office. Additionally, Nicholson argues that the trial court erred by submitting his defense of entrapment by estoppel to the jury, asserting that the trial court decided the issue after which dismissal of the charges was warranted. We consider each of these arguments and find they lack merit for the reasons set forth *infra*.

---

[1] As is provided by MCL 750.505, "[a]ny person who shall commit any indictable offense at the common law, for the punishment of which no provision is expressly made by any statute of this state, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or by a fine of not more than $10,000.00, or both in the discretion of the court."

[2] MCL 750.360.

[3] *Bruce*, unpub op at 1-4 (Docket Nos. 331232 and 331233).

## II. ANALYSIS

## A. SUFFICIENCY OF THE EVIDENCE

On appeal, defendants argue that, even if they were public officials, there was insufficient evidence to show that they acted with corrupt intent, a necessary element of misconduct in office.

When reviewing a challenge to the sufficiency of the evidence, this Court reviews "the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006). "Circumstantial evidence and reasonable inferences therefrom may be sufficient to prove all the elements of an offense beyond a reasonable doubt." *People v Schumacher*, 276 Mich App 165, 167; 740 NW2d 534 (2007)[, lv den 480 Mich 1043 (2008)]. Any conflicting evidence must be resolved in favor of the prosecution. *People v Terry*, 224 Mich App 447, 452; 569 NW2d 641 (1997). Questions of credibility are left to the trier of fact and will not be resolved anew by this Court. *People v Avant*, 235 Mich App 499, 506; 597 NW2d 864 (1999).

"[T]he elements of the common-law offense of misconduct in office are (1) the person must be a public officer, (2) the conduct must be in the exercise of the duties of the office or done under the color of the office, (3) the acts were malfeasance or misfeasance, and (4) the acts must be corrupt behavior." *People v Carlin (On Remand)*, 239 Mich App 49, 64; 607 NW2d 733 (1999). Defendants challenge the sufficiency of the evidence with respect to the fourth element. This Court has clarified the meaning of corrupt behavior:

> "Corruption" in this context means a "sense of depravity, perversion or taint." [Perkins & Boyce, Criminal Law (3d ed), p] 542. "Depravity" is defined as "the state of being depraved" and "depraved" is defined as "morally corrupt or perverted." *Random House Webster's College Dictionary* (1997). "Perversion" is "the act of perverting," and the term "perverted" includes in its definition "misguided; distorted; misinterpreted" and "turned from what is considered right or true." *Id*. The definition of "taint" includes "a trace of something bad or offensive." *Id*. *Pursuant to the definitions, a corrupt intent can be shown where there is intentional or purposeful misbehavior or wrongful conduct pertaining to the requirements and duties of office by an officer.* See also Perkins & Boyce, supra at 542 ("It is *corrupt* for an officer purposely to violate the duties of his office."). *People v Coutu (On Remand) (Coutu II)*, 235 Mich App 695, 706-707; 599 NW2d 556 (1999))(First emphasis added).

Acts are sufficient to sustain the charge of misconduct in office if they demonstrate a tainted or perverse use of a public officer's powers and privileges or demonstrate a perversion of the trust placed in the officer by the people of the state. *Id*. at 707.

Bruce asserts that appropriating a stool for personal use during the execution of a search warrant is insufficient to constitute corrupt behavior because this Court has upheld convictions for misconduct in office in instances that he characterizes as being more serious than his

-3-

misconduct. However, there is no requirement that an act be sufficiently "serious," only that it demonstrate corrupt behavior. Bruce's appropriation of a stool for his personal use during the execution of the search warrant demonstrates "purposeful misbehavior or wrongful conduct pertaining to the requirements and duties of office by an officer." *Coutu II*, 235 Mich App at 706. Certainly seizing a citizen's private property during the execution of a search warrant and appropriating it for personal use is a perversion of the trust placed in law enforcement officers to execute their duties in accordance with the law. For similar reasons, Nicholson's appropriation of the thermometer also demonstrates corrupt behavior. Nicholson's argument on this issue implies that the state had a burden to show that the object taken had value. However, the corrupt intent needed to prove misconduct does not necessarily require intent for one to profit for oneself, nor does official misconduct necessarily involve money. *Contu II*, 235 Mich App at 707. This same analysis also negates Nicholson's argument that because another trooper originally presented the thermometer to Nicholson, he believed it to have no significant value. Interestingly, this assertion directly contradicts Nicholson's testimony where he admitted he knew not to take anything from the home, even if it was trash.

Thus, we find from this record there existed legally sufficient evidence from which a rational trier of fact could find beyond a reasonable doubt that defendants' taking of items from a citizen whose home had been searched constituted corrupt behavior as that term is defined in the common-law offense of misconduct in office. Accordingly, defendants are not entitled to relief on this issue. *Contu II*, 235 Mich App at 707.

## B. ENTRAPMENT BY ESTOPPEL (DOCKET NO. 331233)

In Docket No. 331233, Nicholson argues that the trial court found that he sustained his burden of proof on all the elements of the defense, but submitted the issue to the jury instead of dismissing the case. Nicholson argues that this was error warranting reversal because entrapment by estoppel is a question of law that must be decided by the trial court and is not a question of fact for the jury.

Whether entrapment occurred is a question of law reviewed de novo. *People v Fyda*, 288 Mich App 446, 456; 793 NW2d 712 (2010). The trial court must make specific findings regarding entrapment that this Court reviews for clear error, which occurs if this Court is left with a firm conviction that a mistake was made. *Id*. If defendant demonstrates an error, under the harmless error test "preserved, nonconstitutional error is not a ground for reversal unless 'after an examination of the entire cause, it shall affirmatively appear' that it is more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 495-496; 596 NW2d 607 (1999), quoting MCL 769.26. "[T]he effect of the error is evaluated by assessing it in the context of the untainted evidence to determine whether it is more probable than not that a different outcome would have resulted without the error." *Id*. at 495.

The doctrine of entrapment by estoppel precludes prosecution if a defendant can establish the following elements:

> (1) that a government official advised the defendant that certain illegal conduct was legal, (2) that the defendant actually relied on the government official's statements, (3) that the defendant's reliance was reasonable and in good faith

-4-

given the identity of the government official, the point of law represented, and the substance of the official's statements, and (4) that, given the defendant's reliance, prosecution would be unfair. *People v Pierce*, 272 Mich App 394, 399-400; 725 NW2d 691 (2006).

"When a defendant claims entrapment, including entrapment by estoppel, the proper procedure is for the trial court to hold an evidentiary hearing, at which the defendant bears the burden of proving entrapment by a preponderance of the evidence." *Id*. at 400. Entrapment, including entrapment by estoppel, is "a question of law for the trial court to decide, not a question of fact for the jury to resolve." *People v Woods*, 241 Mich App 545, 554; 616 NW2d 211 (2000).

Here, defendant Nicholson moved for an evidentiary hearing on entrapment by estoppel. He provided testimony at the hearing that was substantially similar to his trial testimony. In pertinent part, he testified that, during the search of the home, Trooper Ziecina presented him with the thermometer and suggested that he refurbish it. Trooper Schreiber stated that items not seized would be thrown away, and he looked at the other officers present to gauge if it was acceptable for him to take the thermometer. After listening to the testimony, the trial court ruled:

> When I look at the totality of the circumstances, the statements made that he could make something nice out of it suggesting to the Court at least that they were suggesting that he could take it with him, that it was just going to be trash. These are State Police officers making these statements. It appears that it was an old, rusty thermometer. In good faith he thought if they don't have a problem with it and it's just going to be thrown out, that he could do it. I'll allow the estoppel – entrapment by estoppel . . . as to that.

However, when defense counsel inquired if the trial court's ruling applied to both counts or only to the larceny count, the trial court responded that it only applied to the larceny count. Defense counsel asserted that the ruling on entrapment should apply to both counts, and that the trial court should dismiss both charges. However, the prosecutor interjected that the trial court could not dismiss the charges because of entrapment by estoppel. The trial court agreed with the prosecutor stating, "I totally agree with that. No. This is just a defense that he can raise at the time of – the time of trial." The trial court expressed that it would provide jury instructions related to entrapment by estoppel for both counts. On the first day of trial, Nicholson moved to dismiss the case on the basis of caselaw holding that entrapment is a question of law for the court to decide. Further, Nicholson argued that the trial court had determined the entrapment defense applied. However, the trial court denied the motion explaining, in part: "I said you could raise it as a defense and argue it to the jury."

We concur with Nicholson that the trial court erred in presenting the entrapment defense to the jury because entrapment by estoppel is "a question of law for the trial court to decide, not a question of fact for the jury to resolve." *Woods*, 241 Mich App at 554. Nonetheless, the trial court's error was harmless and cannot warrant relief because Nicholson was not entitled to the defense of entrapment by estoppel.

This Court has previously held that entrapment by estoppel is "rarely available,"[4] and "should be utilized only where an earnest, law-abiding citizen attempts in good faith to comply with the law by consulting an appropriate government official, but unfortunately receives misinformation." *Woods*, 241 Mich App at 560. Nicholson cannot avail himself of the entrapment by estoppel defense for three reasons: first, by virtue of his position and experience, he knew or should have known better than to take any item for his own use during the execution of a search warrant. If a "citizen knows or should know better, but attempts to seek immunity by claiming reliance on misinformation obtained from a government employee, prosecution is not unfair and estoppel by entrapment should have no application." *Id*. (emphasis added). Disclosed by his own testimony, Nicholson was a border patrol agent, who had previously been a police officer in Maine and received training about when it was appropriate to seize personal property. Therefore, he cannot meet the fourth element of the defense because prosecution would not be unfair since he knew or should have known better than to take the thermometer because of his law-enforcement training. Second, Nicholson cannot satisfy the third element; his reliance on any statement or implication that it was legal to take the thermometer could not be reasonable and in good faith because of his own experience and training as a police officer. Third, he cannot satisfy the first element because no government official advised him that taking the thermometer was legal. Indeed, he agreed that no one specifically told him he could take the thermometer and that he assumed he could. Thus, even accepting Nicholson's assertions as what was stated by the Michigan State troopers, there was no affirmative representation that Nicholson could take the thermometer, let alone a representation that it was legal to do so. Instead, as plaintiff argues, the circumstances merely suggested that the other officers tacitly condoned taking the thermometer.

Further, Nicholson's assertion that the trial court determined he was entrapped and entitled to dismissal of the charges is inaccurate. It is clear from the evidentiary hearing that the trial court was under the misconception that entrapment by estoppel was an issue of fact for the jury and that it was the trial court's role to determine whether to permit Nicholson an opportunity to present the defense. We reach this conclusion, in part, from the trial court's statement that it would "allow" entrapment by estoppel, and its later statements that entrapment by estoppel was a defense for defendant to raise at trial, for which the trial court would provide jury instructions. Further, when Nicholson alleged entitlement to dismissal based on the trial court's alleged finding of entrapment at the evidentiary hearing, the trial court denied it explaining, "I said you could raise it as a defense and argue it to the jury." Thus, it is clear that the trial court did not intend its ruling to operate as a ruling that defendant was entrapped, but only as a determination that Nicholson was entitled to raise that defense for the jury to decide at trial. Accordingly, defendant is not entitled to relief on this issue.

Affirmed.

/s/ Deborah A. Servitto
/s/ Christopher M. Murray
/s/ Stephen L. Borrello

---

[4] Quoting *United States v Howell*, 37 F3d 1197, 1204 (CA7, 1994).