*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CHUDE WILFORD SNOW, JR.,

        Defendant-Appellant.

UNPUBLISHED
December 22, 2020

No. 347597
Wayne Circuit Court
LC No. 18-004278-01-FH

Before: SWARTZLE, P.J., and BECKERING and GLEICHER, JJ.

PER CURIAM.

After a bench trial, the trial court found defendant guilty of carrying a concealed weapon, MCL 750.227, and sentenced him to serve 18 to 60 months in prison. Defendant appeals of right, arguing that the prosecutor presented insufficient evidence to support his conviction. We affirm.

## I. BACKGROUND

Defendant's conviction stemmed from a traffic stop. Four police officers stopped a white Dodge Challenger that was parked on the side of the road near a restaurant, after they had witnessed a similar-looking vehicle speed past them earlier that evening. One of the officers stated that he had a clear view of defendant as he approached the Dodge. Defendant was seated in the passenger seat. The officer testified that he saw defendant reach for the right side of his hip in "like a 90-degree angle," lift up on his right side, then reach down to the floor board with his left hand. The officer testified that he could see all of the other individuals in the Dodge and none of them made any similar gestures.

Another officer testified that as the police car approached the Dodge, he recognized defendant from earlier that night. As this officer got out of his car, he "turned the lights on" and walked over to the driver's side of the Dodge. From there, he had a "clear visual" of defendant. As he looked over to the passenger's seat, he saw defendant lean "forward with his left hand" as he "appeared to be placing something under the seat."

The first officer testified that when defendant stepped out of the Dodge, the officer "saw the barrel of a gun" underneath the passenger's seat "sticking out" and "facing toward the front of

the vehicle." The officers asked defendant if he was the individual who ran from officers during an unrelated incident five days earlier. Before being notified that the officers had discovered the pistol, defendant said, "You got that, I ran from you, but I didn't point the pistol at anybody." It is undisputed that defendant did not have a concealed pistol license.

Defendant denied the police officers' version of events. He testified that when the officers arrived, they ran to his side of the Dodge, opened the door, and said, "We got you." Defendant said the officers pulled him out of the vehicle, placed him in handcuffs, and told him he was going to jail. Defendant claims that the officers never had any conversation with him about whether the handgun was his, and did not ask whether he owned the vehicle. He maintained that he did not and that he had never been in the vehicle before. The police officers acknowledged that the vehicle was not registered to defendant.

The trial court determined that the police officers' testimony was plausible, credible, and materially consistent. The trial court found defendant guilty of carrying a concealed weapon.

## II. ANALYSIS

This Court reviews de novo "a challenge to the sufficiency of the evidence in a bench trial, viewing the evidence in the light most favorable to the prosecution and determining whether the trial court could have found the essential elements proved beyond a reasonable doubt." *People v Ventura*, 316 Mich App 671, 678; 894 NW2d 108 (2016). We must, "in considering proofs in a light most favorable to the prosecution, avoid weighing the proofs or determining what testimony to believe. Instead, we must resolve all conflicts in favor of the prosecution." *People v Terry*, 224 Mich App 447, 452; 569 NW2d 641 (1997). Circumstantial evidence and the reasonable inferences that can be drawn therefrom may be sufficient to prove the elements of the crime. *People v Watson*, 245 Mich App 572, 595; 629 NW2d 411 (2001).

When it conducts a bench trial, "the trial court must make findings of fact and state separately its conclusions of law. MCR 6.403. "Factual findings are sufficient as long as it appears that the trial court was aware of the issues in the case and correctly applied the law. The court need not make specific findings of fact regarding each element of the crime." *People v Legg*, 197 Mich App 131, 134; 494 NW2d 797 (1992). This Court is "not permitted to interfere with the trier of fact's role of determining the credibility of the witnesses." *People v Kanaan*, 278 Mich App 594, 620; 751 NW2d 57 (2008).

To prove that a defendant has committed the offense of carrying a concealed weapon by unlawfully carrying a pistol in a vehicle, a prosecutor must show: "(1) the presence of a weapon in a vehicle operated or occupied by the defendant, (2) that the defendant knew or was aware of its presence, and (3) that he was carrying it." *People v Nimeth*, 236 Mich App 616, 622; 601 NW2d 393 (1999) (cleaned up).

With respect to the first element, neither party disputes that a pistol was present in the car when defendant occupied it. Defendant admitted in his testimony that the police officers found a gun under the seat. One officer testified that after ordering defendant to get out of the car, he saw a black handgun on the floorboard pointing toward the front of the car. This testimony provided

sufficient evidence from which a reasonable trier of fact could find that a weapon was present in a vehicle occupied by defendant.

With respect to the second element, "Carrying a concealed weapon is a general intent crime." *People v Brown*, 330 Mich App 223, 229; 946 NW2d 852 (2019) (citation omitted). Thus, an intent to do the prohibited act—in this case, to knowingly carry a weapon in an automobile—is the only intent that the prosecutor must prove. *People v Hernandez-Garcia*, 266 Mich App 416, 418; 701 NW2d 191 (2005), aff'd in part and vacated in part on other grounds 477 Mich 1039 (2007). "[B]ecause it can be difficult to prove a defendant's state of mind on issues such as knowledge and intent, minimal circumstantial evidence will suffice to establish the defendant's state of mind, which can be inferred from all the evidence presented." *Kanaan*, 278 Mich App at 622.

In this case, the prosecutor presented testimony that before defendant was notified of the discovery of the gun, he exclaimed that he never used the gun on anybody. Because this Court must defer to the determination of the trial court that the testimony of both police officers was credible, and because this Court must view the evidence in the light most favorable to the prosecutor, the defendant's exclamation that he did not use a gun on anybody constitutes circumstantial evidence of his knowledge that the gun was present. Coupled with the officers' testimony about defendant's hand movements after the stop, there was sufficient circumstantial evidence produced at trial from which a reasonable trier of fact could infer that defendant knew there was a gun in the car.

With respect to the third element, "carrying" is an essential element of the crime of carrying a concealed weapon, and "may not automatically be inferred from evidence that defendant had knowledge of the weapon's presence in the vehicle." *People v Emery*, 150 Mich App 657, 667; 389 NW2d 472 (1986). Carrying has been "equated" with the concept of possession. *People v Barbee*, 325 Mich App 1, 12 n 4; 923 NW2d 601 (2018), citing *People v Butler*, 413 Mich 377, 390 n 11; 319 NW2d 540 (1982). Possession is a factual question that may be proven by direct or circumstantial evidence. *People v Johnson*, 293 Mich App 79, 83; 808 NW2d 815 (2011). Possession can be actual or constructive. *Id.* Constructive possession exists where a defendant has "proximity to the article together with indicia of control. Put another way, a defendant has constructive possession of a firearm if the location of the weapon is known and it is reasonably accessible to the defendant." *Id.* (cleaned up). When a prosecutor proves that a defendant had constructive possession, he need not prove actual possession. *People v Hill*, 433 Mich 464, 471; 446 NW2d 140 (1989).

Defendant argues that he never possessed the gun, citing a lack of DNA evidence. Such evidence is unnecessary. Viewing the evidence in the light most favorable to the prosecutor and relying on the credibility determination of the trial court, there was ample evidence to support the trial court's factual findings that defendant had the pistol, pulled it out, and put it under his seat, and that only defendant would have had access to the area in which the gun was found. In short, the prosecutor presented sufficient evidence from which a reasonable trier of fact could find that defendant was guilty beyond a reasonable doubt of committing all the essential elements of carrying a concealed weapon.

Affirmed.

/s/ Brock A. Swartzle
/s/ Jane M. Beckering
/s/ Elizabeth L. Gleicher